890 A.2d 336 (2006)
382 N.J. Super. 594
Leonora MANSOUR, by her Guardian ad litem, Mansour Mansour, and Mansour Mansour Individually, Plaintiffs-Respondents,
v.
LEVITON MANUFACTURING COMPANY, INC., Defendant-Appellant, and
Leslie Bierman, Esq., Defendant-Respondent, and
Farberware, Inc., S.W. Farber, Inc., Federated Department Stores, Inc., Walter Kidde Company, Inc., Bruckner Manufacturing Corp., Sterns, Salton/Maxim Housewares, Inc., Defendants, and
Federated Department Stores and Sterns, Third-Party Plaintiffs,
v.
Mansour Mansour, Third-Party Defendant, and
Salton, Inc., Third-Party Plaintiff,
v.
Mansour Mansour, Third-Party Defendant.
Leonora Mansour, by her Guardian ad litem, Mansour Mansour, and Mansour Mansour Individually, Plaintiffs-Respondents,
v.
Farberware, Inc., S.W. Farber, Inc., Leviton Manufacturing Company, Inc., Walter Kidde Company, Inc., Bruckner Manufacturing Corporation, Defendants-Appellants, and
Leslie Bierman, Esq., Defendant-Respondent, and
Federated Department Stores, Inc., Sterns, Salton/Maxim Housewares, Inc., Defendants, and
Federated Department Stores and Sterns, Third-Party Plaintiffs,
v.
Mansour Mansour, Third-Party Defendant, and
Salton, Inc., Third-Party Plaintiff,
v.
Mansour Mansour, Third-Party Defendant.
Superior Court of New Jersey, Appellate Division.
Argued April 5, 2005.
Decided January 20, 2006.
*337 Michael F. Nestor, Roseland, argued the cause for appellant Leviton Manufacturing Company (Lum, Danzis, Drasco & Positan, attorneys; Mr. Nestor of counsel and on the brief).
Joseph A. Ricchezza argued the cause for respondents Farberware, Inc., S.W. Farber, Inc., Walter Kidde, Inc., and Bruckner Manufacturing (Salmon, Ricchezza, Singer & Turchi, attorneys; Mr. Ricchezza, on the brief).
Bruce H. Dexter, Hackensack, argued the cause for respondent Mansour Mansour (Bruce H. Dexter, attorneys; Virginia Kilcoyne, on the brief).
Robert B. Hille, Secaucus, argued the cause for respondent Leslie Bierman (Waters, McPherson, McNeill, attorneys; Mr. Hille, of counsel; Angela M. Gurrera, on the brief).
Before Judges COBURN, WECKER and S.L. REISNER.
The opinion of the court was delivered by
WECKER, J.A.D.
On March 26, 1989, the infant plaintiff, Leonora Mansour, was injured when an electric wok filled with hot liquid fell from a countertop and spilled its contents on her, causing serious injury. The wok was allegedly manufactured, in whole or in part, sold, or distributed by defendants Farberware, Inc., S.W. Farber, Inc., Federated Department Stores, Inc., Walter Kidde Company, Inc., Bruckner Manufacturing Corp., Sterns, Salton/Maxim Housewares, *338 Inc., (collectively "Farberware") and Leviton Manufacturing Company, Inc.
On February 27, 2002, plaintiff Leonora Mansour, by her father and guardian ad litem, Mansour Mansour ("Leonora"), and Mansour Mansour individually ("Mansour") filed a products liability complaint against the alleged manufacturers and retailers of the wok, claiming the product was defective. Mansour individually also named plaintiffs' former attorney, Leslie Bierman, Esq., alleging professional negligence in his failure to file a complaint on Mansour's behalf for negligent infliction of emotional distress (also known as "bystander liability") under Portee v. Jaffee, 84 N.J. 88, 417 A.2d 521 (1980), and failure to advise Mansour to do so within the two-year statute of limitations generally applicable to negligence actions, N.J.S.A. 2A:14-2.[1]
For purposes of these appeals, we accept the factual allegations as set forth by appellants in their opposition to attorney Bierman's summary judgment motion. Mansour was in the living room when the incident occurred and ran into the kitchen upon hearing his daughter Leonora scream, followed by a bang. Mansour heard her continuing screams and saw steam coming out of her body. He saw the wok, the lid, and water on the floor. Mansour first rushed Leonora into the bathroom shower and then to the hospital. About five hours later, he returned to the home and threw the wok and lid away.
Bierman filed a cross-motion for summary judgment, arguing that there was no basis for the malpractice claim against him because Mansour's claims against Farberware and Leviton for negligent infliction of emotional distress, if they existed,[2] were tolled by statute and therefore not time-barred. Farberware, joined by Leviton, opposed Bierman's summary judgment motion on the ground that Mansour failed to state a Portee cause of action because he did not witness the accident, and in the alternative, if Mansour did have a Portee claim, the statute of limitations for such a claim was not tolled, leaving Bierman potentially liable for Mansour's damages as an injured bystander.[3]
The judge granted Bierman's motion for summary judgment, holding that Mansour's allegations stated a cause of action under Portee, and that the statute of limitations for Mansour's Portee claim was tolled. On that basis, the judge concluded that Mansour had no malpractice claim against Bierman for failing to bring or advise Mansour to bring the claim within two years.
By leave granted, defendants Farberware and Leviton each appeal the summary judgment dismissing all claims against attorney Bierman. We have consolidated the Farberware and Leviton appeals in this opinion. Taken together, the appeals raise two questions: First, if we assume that the father's complaint states a cause of action under Portee (despite appellants' arguments to the contrary),[4] is *339 the statute of limitations on such a claim tolled by N.J.S.A. 2A:14-2.1, for as long as the child's cause of action is tolled? Second, does a father who heard the screams of his infant child as she was scalded by hot water "witness" the incident for purposes of stating a Portee claim? We answer both questions "yes" and affirm the summary judgment dismissing Mansour's legal malpractice claim against attorney Bierman, who neither filed nor advised him to file a Portee claim within two years of the incident.
We note that none of the counts in the products liability complaint against Farberware and Leviton expressly alleges a claim for negligent infliction of emotional distress, apparently because plaintiff Mansour (and presumably his attorney) were of the belief that the statute of limitations had run on such a claim. It is in the several counts alleging liability against Bierman that Mansour spelled out the elements of a Portee claim against Farberware and Leviton, as well as the allegation that the statute had run. Thus the products defendants clearly have been on notice of that claim and have litigated fully the issue of its timeliness. There is no inherent unfairness, then, in permitting Mansour on remand to amend his complaint to more specifically allege his by-stander liability claim against those defendants.
Here, as we said, defendants Farberware and Leviton responded to Bierman's motion for summary judgment by arguing in the alternative: first, that Mansour failed to state a Portee claim, but even if he did, the two-year statute was not tolled, the claim was time-barred, and Bierman must be held in.[5] On this appeal, all parties have fully briefed the question whether Mansour's allegations, if proved at trial, could support recovery under Portee.[6] All parties have assumed that the judge decided that question in plaintiff Mansour's favor. We therefore deem it appropriate and in the interest of fairness to the parties and judicial economy to decide that issue now.
Leviton argues that the father here does not meet the basic elements of a Portee plaintiff because he was not in the same room and did not see the wok fall on the child. In dismissing the malpractice claim because the Portee claim was not tolled, the judge essentially stated that he found that the complaint stated a valid cause of action, thus he was not dismissing on the ground that there was no merit to the underlying claim (an argument Bierman made).

*340 I
The cause of action for negligent infliction of emotional distress, recognized by the Court in Portee, "requires proof of the following elements: (1) the death or serious physical injury of another caused by defendant's negligence; (2) a marital or intimate, familial relationship between the plaintiff and the injured person; (3) observation of the death or injury at the scene of the accident; and (4) resulting severe emotional distress." Portee, supra, 84 N.J. at 101, 417 A.2d 521. Leviton alleges that plaintiffs cannot meet the Portee criteria because Mansour did not witness the injury to his daughter,[7] and therefore he cannot establish the required third element of such a claim.
As set forth in Portee, the party seeking recovery must have "observ[ed] ... the death or injury at the scene of the accident....." Ibid. In Portee, the Court relied substantially on a California Supreme Court decision which described and combined what became the third and fourth elements under Portee: "Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence." Id. at 97, 417 A.2d 521 (citing Dillon v. Legg, 68 Cal.2d 728, 740-41, 441 P.2d 912, 920, 69 Cal.Rptr. 72, 80 (Cal.1968)) (emphasis added).
Leviton cites the Court's opinion in Dunphy v. Gregor, 136 N.J. 99, 642 A.2d 372 (1994), in which the Court noted cases where it "encouraged narrow applications" of the elements of such a claim, "includ[ing] a requirement that the bystander contemporaneously observe both the wrongful act and its resulting harm." Id. at 107, 642 A.2d 372 (citations omitted).
One of the decisions cited by the Court in Dunphy is its earlier decision in Frame v. Kothari, 115 N.J. 638, 649, 560 A.2d 675 (1989), which is described, parenthetically, as "requiring contemporaneous observation of both act of malpractice and fatal or gravely-injurious effects of that act on victim[.]" Dunphy, supra, 136 N.J. at 107, 642 A.2d 372. Addressing Portee claims in the medical malpractice context, the Frame Court noted that "[t]o justify recovery, the plaintiff should observe the kind of result that is associated with the aftermath of an accident, such as bleeding, traumatic injury, and cries of pain." Frame, supra, 115 N.J. at 643, 560 A.2d 675 (citation omitted). The Court further noted that to recover, "the plaintiff must witness the victim when the injury is inflicted or immediately thereafter." Id. at 644, 560 A.2d 675 (emphasis added).
It is plain to us that the products defendants would not be entitled to summary judgment dismissing Mansour's Portee claim on the ground that the father did not witness the accident. He heard the child's contemporaneous screams. The "observation" required by Portee involves sensory perception, and sight is only one of the senses. Hearing is a form of perception that constitutes an observation. It is inconceivable that we would fail to recognize the claim of a blind parent who was in the room and heard the child's screams as she was being burned, simply because the parent could not see the accident. It is entirely consistent with Portee and Dillon to recognize that auditory "observation" *341 of a traumatic accident meets the third element of a bystander liability claim.
Mansour also alleges that he came upon his injured child immediately after the accident, that he immediately rushed to the room and saw the child's body steaming as a result of her burns. We need not determine whether seeing the immediate results of such an accident, without having perceived the moment of that accident (like coming upon an injured child lying in the street after being hit, without having actually seen or heard the collision), would itself be enough to meet the Portee requirement. See, e.g., Mercado v. Transp. of New Jersey, 176 N.J.Super. 234, 422 A.2d 800 (Law Div.1980).
We merely conclude that Mansour's complaint is sufficient to state a claim for bystander liability under Portee, and that if his proofs at trial are consistent with the allegations of the complaint, a reasonable jury could find in his favor. We do not suggest the result of such a trial, only that Mansour may proceed on that claim. The next question, then, is whether Bierman on the one hand, or Farberware and Leviton on the other, must defend that claim. The answer depends upon whether the two-year statute of limitations, N.J.S.A. 2A:14-2, is tolled on Mansour's Portee claim.

II
N.J.S.A. 2A:14-2.1, enacted in 1964, well before Portee was decided in 1980, provides:
Where a parent or other person has a claim for damages suffered by him because of an injury to a minor child caused by the wrongful act, neglect or default of any person within this State, an action at law upon such claim may be commenced by the said parent or other person within the same period of time as provided by law in the case of the said minor child so injured provided that, if an action is commenced by or on behalf of the said minor child, the said claim of the parent or other person shall be asserted and maintained in such action brought on behalf of the injured minor child either as a plaintiff or third party plaintiff and if not so asserted shall be barred by the judgment in the action brought on behalf of said injured minor child.
The plain language of that statute allows a parent, who claims to have suffered damages as a result of injury to his child, to wait to file suit until the child's suit is brought, but no longer.
The tolling statute enacted in 1964 obviously did not contemplate the specific circumstances of Portee, a 1980 decision. But the bystander liability cause of action, albeit narrower, existed in 1964. And the Legislature, presumed to be aware of the common law, has never, in the twenty-five years since the 1980 decision in Portee, amended the tolling statute to exclude bystander liability.
The tolling statute does not define a parent's allowable "claim for damages suffered by him because of an injury to a minor child caused by" another's wrong. See N.J.S.A. 2A:14-2.1. It merely provides that such a claim, insofar as it is otherwise allowed, will be tolled. The underlying assumption of the tolling statute is that proof of the child's cause of action is an essential element of the parent's. See Model Jury Charge 5.15.[8] That is what *342 makes the claim "derivative." Compare Procanik v. Cillo, 97 N.J. 339, 355-56, 478 A.2d 755 (1984) (addressing the parents' claim for negligent advice and treatment during pregnancy that deprived them of an opportunity to avoid birth of a child with severe defects). "The defect in the parents' argument in the present case is that their right to recover is not `because of injury' to their child, but because of direct injury to their own independent rights. Consequently, the parents' right to recover is not derivative from the claim of the child and is, therefore, barred by N.J.S.A. 2A:14-2 [and not tolled by N.J.S.A. 2A:14-2.1]." Id. at 356, 478 A.2d 755.
An injured child's negligence or products liability claim is tolled during legal infancy, allowing time for the full extent of the child's injuries to be assessed, and for the child upon reaching majority to act on his or her own behalf. The essential elements of a parent's Portee claim will include the elements of the child's claim. Yet if the parent is not allowed the same tolling period, the parent will be forced within two years to file (and try) the same products claim that the child may pursue years later. Such duplication of effort and expense, with its potential for inconsistent verdicts, makes no sense and cannot have been intended by the Legislature.
Just as in a per quod action, which unquestionably is governed by N.J.S.A. 2A:14-2.1, a Portee action requires all of the same proofs on liability as the underlying negligence/products liability action. It would make little or no sense to allow, much less effectively to require, separate lawsuits, especially when the parent's case likely would be tried first to avoid the two-year time bar. The statute itself implies exactly that rationale, by allowing the parent's action the same tolling period as an action on behalf of the child, but no more: requiring the parent's action to be brought no later than the child's.
Most significant to our conclusion that the Portee claim is tolled for as long as the child's claim is tolled is that the practical effect is entirely consistent with the entire controversy doctrine, see Rule 4:30A, and its underlying rationale: to avoid multiple lawsuits on related claims involving the same parties, thereby also to avoid the risk of inconsistent results, and to promote judicial economy, all in a fair and equitable manner.
The products defendants' reliance here upon language in Goncalvez v. Patuto, 188 N.J.Super. 620, 458 A.2d 146 (App.Div. 1983), is misplaced. The cited language describes the "emotional injury claim" on behalf of the surviving infant brother as "not derivative" of the death action and therefore entitled to its own tolling under N.J.S.A. 2A:14-21. Id. at 628-29, 458 A.2d 146. Goncalvez does not support defendants' argument. In that case, one child died in a 1978 accident; by definition there was no basis for tolling the wrongful death or survivorship claims arising from his death. See id. at 623, 458 A.2d 146. The surviving child's Portee claim was tolled on account of his own infancy, and the parents' per quod claim, arising out of that surviving child's emotional injury from witnessing his brother's accidental death, was held to be tolled by the statute at issue here. Id. at 627-30, 458 A.2d 146. Only the parents' own Portee claim, arising out of the death of the first child, was held to be time-barred.[9]Ibid.
*343 Having concluded that the statute of limitations on Mansour's bystander liability claim against Farberware and Leviton (and any other defendants) was tolled by N.J.S.A. 2A:14-2.1, it is obvious that Mansour cannot prove damages against Bierman. Summary judgment dismissing all claims and cross-claims against Leslie Bierman, Esq., therefore is affirmed, and the matter is remanded for further proceedings consistent with this opinion. On remand, plaintiff Mansour shall be permitted to amend his complaint against the products defendants to allege his Portee cause of action.
Affirmed.
NOTES
[1] Mansour's complaint did not explicitly allege a Portee claim against Farberware and Leviton. We shall come back to that procedural concern later in this opinion.
[2] Bierman, plaintiffs' former lawyer, takes the same position as Farberware and Leviton in this appeal: that Mansour has no Portee claim.
[3] Of course, if Mansour had no Portee claim, or if the Portee claim was viable but the two-year statute applied, then Farberware and Leviton would be entitled to partial summary judgment on that portion of Mansour's individual suit.
[4] Farberware argues, in all three Points of its brief, that the tolling statute invoked by the motion judge, N.J.S.A. 2A:14-2.1, does not apply to a Portee claim, that the statute of limitations ran on Mansour's claim against Farberware, and therefore Mansour's malpractice case against Bierman should not have been dismissed.
[5] Of course, if Mansour had no Portee claim, those defendants would be entitled to partial summary judgment on that claim. On the other hand, if Mansour's complaint states a Portee claim, then the argument that the statute is not tolled works against the products defendants as well as in favor of Bierman. Apparently, the products defendants sought a ruling on the legal merits of the Portee cause of action in order to avoid the necessity of addressing the tolling question.
[6] Farberware argues on appeal that summary judgment dismissing Bierman should be reversed because the Portee claim was not tolled, and the legal malpractice action against Bierman should go forward. Leviton argues first that "plaintiff does not establish the four elements of negligent infliction of emotional distress," and second, that if Mansour has stated a viable Portee claim, the statute has run as to the products defendants. Leviton then urges us to affirm the summary judgment in favor of Bierman, but only on the ground that no Portee claim has been stated against any defendant.
[7] We need not address Leviton's contention that plaintiffs cannot establish defendants' negligence as the proximate cause of the accident. Portee does not require, as Leviton contends, that plaintiff must "relate the injury to any negligence of these defendants, or defects in the product, at that time."
[8] The model charge provides, in pertinent part:

If the Court has already instructed the jury on the issue of liability vis-à-vis the victim and the defendant, use the following instruction.
You should understand that if you have found in accordance with my previous instructions that the injury to (victim's name) was not a result of defendant's negligence, then the plaintiff who witnessed the injury cannot recover damages from the defendant for emotional distress.
[9] In our recent opinion addressing a Portee claim, Maldonado v. Leeds, 374 N.J.Super. 523, 865 A.2d 741 (App.Div.2005), we reversed summary judgment for the defendant. Id. at 532, 865 A.2d 741. With respect to the statute of limitations argument, we did not address the tolling issue now before us; we reversed because there was a fact question on the accrual of the mother's Portee claim under the discovery rule.