

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2009

# Thomas Woodruff v. Hamilton Twp Pub Sch

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2439

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Thomas Woodruff v. Hamilton Twp Pub Sch" (2009). *2009 Decisions.* Paper 2023.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2023

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2439
_____

THOMAS WOODRUFF; MICHELLE WOODRUFF,
Individually and on behalf of their minor son B.W.,

Appellants

v.

HAMILTON TOWNSHIP PUBLIC SCHOOLS; FRED
DONATUCCI, Superintendent; MICHAEL MULDOON,
Principal; PEDRO BERTONES, Vice Principal; DONNA HESS,
Section 504 Coordinator; DANIEL WEBER, Language Arts;
JOAN CARR, Mathematics; KELLI COSTELLO, Geography,
HAMILTON TOWNSHIP PUBLIC SCHOOL DISTRICT

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-03815)
District Judge:  Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 21, 2008
Before: MCKEE, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: January 15, 2009)
_____

OPINION
_____

PER CURIAM

Thomas and Michelle Woodruff appeal from an order of the District Court dismissing their Amended Complaint. Finding no error, we will affirm. Because the parties are familiar with the relevant facts and the procedural background, we will not discuss them in detail.

The Woodruffs, parents of a minor child, B.W., filed a civil action pro se in United States District Court for the District of New Jersey, alleging numerous causes of action. B.W. suffers from Attention Deficit Hyperactivity Disorder. The circumstances giving rise to this action may be summarized as follows. B.W. was enrolled in the seventh grade at William Davies Middle School in Mays Landing, New Jersey during the 2005-06 academic year. After receiving his yearbook, B.W. crossed out pictures of certain students. Another student saw this and asked him what he was doing, and B.W. replied that his yearbook was "the book of life. If your picture is crossed out you are a mere memory. I hope you have experienced the pain and agony that I have experienced." The student reported B.W., and, for his actions, he was suspended for the final four days of the school year. The Vice-Principal also initiated harassment charges against him with county juvenile authorities.

By way of explaining his behavior, B.W. told his parents that, just prior to the yearbook incident, he had been humiliated in his language arts class by an assignment in which fellow students were told by the teacher to write poems describing their classmates.

2

B.W.'s classmates described him as "fool," "weird," "goofy," and "forgetful."  The

Woodruffs evidently tried to explain this to school officials.  Unsatisfied with the

school's response, the Woodruffs eventually filed a lawsuit.  The School District

responded by serving notice of its intent to expel B.W.   This notice arrived just prior to

the 2006-07 academic year.  Before any hearing to expel could take place, the Woodruffs

withdrew B.W. and enrolled him in the eighth grade at a private school.  Apparently,

B.W. had a successful, discipline-free year there, but when the Woodruffs attempted to

enroll him in the ninth grade for the 2007-08 academic year at Oakcrest High School in

the Greater Egg Harbor Public School District, that school refused to enroll him.  The

Woodruffs later learned that Hamilton Township school officials had disclosed B.W.'s

file to Greater Egg Harbor school district officials.

After amending their original Complaint, the Woodruffs alleged in the main that

the Hamilton Township Public School District and its officials failed to provide B.W.

with a Free and Appropriate Public Education ("FAPE") as required under the Individuals

with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 et seq.,[1] section 504 of the

Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42

U.S.C. § 1213, and that certain administrators and teachers at the Davies Middle School

discriminated against him and created a hostile environment in violation of the New

Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 et seq. ("NJLAD").  There was a

_____

[1] The IDEA was renamed the Individuals with Disabilities Education Improvement
Act, effective July 1, 2005.

3

further attempt to assert common law counts for negligence and infliction of emotional distress, an allegation of a procedural due process violation, and general allegations of retaliation and harassment.

Early in the litigation, the District Court addressed whether the Woodruffs could represent their son's interests, because they are not attorneys, and parents may not represent their minor children in the federal courts in this circuit, Osei-Afriyie by Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876, 882 (3d Cir. 1991) ("Where [children] have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected"). As a result, the Woodruffs obtained an attorney who filed a separate civil action, D.C. Civ. No. 07-cv-04135, against the Greater Egg Harbor Public School District. That action was settled and B.W. was successfully enrolled in Oakcrest. The District Court laid out for the Woodruffs the various options for continuing with the instant civil action, including obtaining an attorney or continuing with their claims only. The Woodruffs elected to file an amended complaint which purported to raise their claims only. The defendants moved to dismiss the Amended Complaint and the District Court granted the motion in an order entered on April 9, 2008. This appeal followed.

We will affirm. We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] The

---

[2] Because the Woodruffs are not attorneys, they may not represent B.W. on appeal, Osei-Afriyie, 937 F.2d at 882-83. Therefore, they are proceeding on appeal only as to their claims.

Woodruffs contend on appeal that the District Court erred (1) in its determination that they cannot prosecute a civil action on behalf of B.W. except in the circumstance set forth in Winkelman v. Parma City Sch. Dist., --- U.S. ----, 127 S. Ct. 1994 (2007); (2) in dismissing their IDEA, ADA and Section 504 claims for failure to exhaust administrative remedies; (3) in dismissing their negligence and emotional distress claims; and (4) in overlooking their harassment and retaliation claims.  After careful review, we have determined that these contentions lack merit.

The District Court properly concluded that, under Winkelman, 127 S. Ct. 1994, the Woodruffs may prosecute their legally cognizable interests in B.W.'s FAPE without an attorney, but Winkelman is limited to the IDEA context and does not permit them to litigate the NJLAD, procedural due process, or common law counts alleged in their Amended Complaint.  In Winkelman, the United States Supreme Court held that, because parents have substantive rights under the IDEA which are not limited to procedural and reimbursement-related matters and which they may enforce by prosecuting actions on their own behalf, the circuit court in that case erred when it dismissed the parents' appeal for lack of counsel.  The Court reserved the question whether the IDEA entitles parents to litigate their child's claims pro se, id. at 2007, and thus Winkelman does not translate into a broad right to pursue any statutory or common law claims on a child's behalf.  With the exception of an IDEA action on their own behalf, the Woodruffs may not represent B.W. in the federal courts in this circuit, Osei-Afriyie, 937 F.2d at 882.  The Woodruffs were

5

given the opportunity by the District Court to identify which claims they brought in their own right. They chose to file an amended complaint purporting to assert their claims only, but the District Court concluded that the injuries alleged simply were not personal to them, and we agree. The District Court overlooked no counts in determining that the Amended Complaint would have to be dismissed without prejudice to the extent that Osei-Afriyie prevents the Woodruffs from litigating other statutory or common law claims on B.W.'s behalf.[3]

Although Winkelman, 127 S. Ct. at 2004, permits the Woodruffs to represent themselves in an IDEA action on their own behalf, the District Court properly dismissed their IDEA, ADA and Section 504 claims for failure to exhaust administrative remedies. As thoroughly explained by the District Court, the IDEA ordinarily requires that a party exhaust administrative remedies, see 20 U.S.C. § 1415(f) (providing for an impartial due process hearing); see id. at § 1415(g) (providing for appeal of any such decision to State educational agency), prior to bringing suit in federal court, id. at § 1415(i)(2)(A). The Woodruffs do not contend that they pursued their administrative remedies prior to bringing this civil action. Instead, they contend that they cannot obtain the money

---

[3] We conclude that the harassment and retaliation allegations are properly viewed as part of the NJLAD count. To the extent that the Woodruffs sought to bring a claim for negligent infliction of emotional distress based on a theory of bystander liability, their claim is legally insufficient and properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), because New Jersey requires that the minor child suffer death or a serious physical injury before a parent can maintain such an action. See Mansour v. Leviton Mfg. Co., Inc., 890 A.2d 336, 340 (N.J. Super. Ct., App. Div. 2006).

damages they seek for their IDEA, ADA and Section 504 claims through the administrative process and thus exhaustion would be futile.

We are not persuaded. We have held that "plaintiffs may ... be excused from the pursuit of administrative remedies where they allege systemic legal deficiencies and, correspondingly, request system-wide relief that cannot be provided (or even addressed) through the administrative process," Beth V. by Yvonne V. v. Carroll, 87 F.3d 80, 89 (3d Cir. 1996), but this exception is limited. In the usual case, exhaustion serves the purpose of developing the record for review on appeal, cf. S.H. v. State-Operated Sch. Dist. of City of Newark, 336 F.3d 260, 269-70 (3d Cir. 2003) (discussing importance of Administrative Law Judge fact finding in IDEA cases), encourages parents and the local school district to work together to formulate an individualized plan for a child's education, and allows the education agencies to apply their expertise and correct their own mistakes, see McKart v. United States, 395 U.S. 185, 194-95 (1969). Furthermore, private placement and reimbursement for private school tuition are available to remedy violations of the IDEA. Ridgewood Bd. Of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 248-249 & n.7 (3d Cir. 1999) (citing Florence County Sch. Dist. Four v. Carter, 510 U.S. 7 (1993)). Compensatory education also is available. Id. at 249-50 & n.9. The District Court concluded, and we agree, that an Administrative Law Judge would be able to provide the Woodruffs with appropriate relief if they prevail at the due process hearing. The Woodruffs' request for money damages presumably includes reimbursement for the

year of private school tuition they incurred. They are thus not excused from exhausting their administrative remedies.[4]

Finally, we agree with the District Court that the retaliation count, to the extent that it is not subsumed within the NJLAD count, is barred under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, because there is no private cause of action under FERPA's confidentiality provisions, Gonzaga University v. Doe, 536 U.S. 273, 287 (2002), and 42 U.S.C. § 1983 is not a vehicle for a FERPA claim, id. at 288.

For the foregoing reasons, we will affirm the order of the District Court dismissing the amended complaint. The Appellees' motion to file a supplemental appendix and expand the record is granted.[5]

---

[4] The Woodruffs' additional contention that they are excused from exhausting administrative remedies because they did not receive adequate notice of their rights lacks merit for the reasons given by the District Court.

[5] In seeking leave to expand the record, see Fed. R. App. Pro. 10(e), the Appellees have called our attention to one item germane to the District Court's dismissal for failure to exhaust administrative remedies: a State of New Jersey Department of Education Due Process Hearing Acknowledgment dated July 25, 2008, indicating that the Woodruffs are pursuing their administrative remedies.