NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-4314-19
                  A-4451-19

ESTATE OF MICAH SAMUEL
TENNANT DUNMORE,

      Plaintiff-Respondent,

v.

PLEASANTVILLE BOARD
OF EDUCATION,

      Defendant-Appellant.

_____

ANGELA TENNANT,

      Plaintiff-Respondent,

v.

PLEASANTVILLE BOARD
OF EDUCATION,

      Defendant-Appellant,

and

CITY OF PLEASANTVILLE,

      Defendant-Respondent.

_____

> **APPROVED FOR PUBLICATION**
>
> **January 20, 2022**
>
> **APPELLATE DIVISION**

Argued November 30, 2021 – Decided January 20, 2022

Before Judges Currier, DeAlmeida, and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket Nos. L-0889-20 and L-0901-20.

Benjamin H. Zieman argued the cause for appellant (Anderson & Shah, LLC, attorneys; Roshan D. Shah, of counsel and on the briefs; Erin Donegan, on the briefs).

Richard A. Stoloff argued the cause for respondent.

The opinion of the court was delivered by

CURRIER, J.A.D.

In these matters[1] arising out of the tragic shooting of a minor during a football game and his subsequent death several days later, we consider whether the time for a minor's parent to file a notice of tort claim for her Portee[2] claim is tolled under the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 59:12-3. In reading in pari materia N.J.S.A. 59:8-8, which extends the statute of limitations for an injured minor to institute a cause of action until two years after their eighteenth birthday, and N.J.S.A. 2A:14-2, which tolls a parent's claim for the duration of the child's tolling period, and because the parent's Portee claim essentially includes the elements of the minor's claim, we

---

[1] The cases were consolidated on appeal.

[2] Portee v. Jaffee, 84 N.J. 88 (1980).

A-4314-19

conclude it is only logical to toll the notice requirements under the TCA for the parent's Portee claim to coincide with the tolling period of the minor's claim.

On November 15, 2019, plaintiff Angela Tennant and her ten-year-old son, Micah Dunmore, were attending a high school football game at Pleasantville High School when an individual fired a gun into the stands, striking and injuring Micah.[3] Angela witnessed the events. Micah died from his injuries on November 20, 2019.

On February 14, 2020—ninety-one days after the shooting and eighty-six days after Micah's death—the Estate of Micah Dunmore (the Estate), Angela, and other family members emailed a notice of tort claims to the Pleasantville Board of Education (Board). The claimants asserted wrongful death and survivor claims. Angela also brought a claim for negligent infliction of emotional distress under Portee.

In March 2020, the Estate filed a motion seeking declaratory judgment that the tort claims notice was timely filed. The unopposed motions were granted, as the court found the notice complied with the TCA. However, it

---

[3] For the clarity of the reader, we use some individual's first names. We mean no disrespect.

was subsequently discovered that the Board had not received the motion prior to the return date.

Thereafter, the Board moved for reconsideration of the court's order. Angela moved for leave to file a late notice of claim against the City of Pleasantville and the Board under N.J.S.A. 59:8-9. The notice sent in February was only emailed to the Board, not the City.

During oral argument on the motions, the Board conceded that the wrongful death claims did not accrue until Micah died on November 20. Therefore, the tort claims notice filed by the Estate and the family members as beneficiaries of the estate regarding those claims was timely. The court agreed and denied the Board's application to vacate the prior order regarding the Estate's claims.

In addressing the timeliness of the tort claims notice regarding Angela's emotional distress claim, the judge queried whether he had to count the actual number of days from the accrual of the action to the date of filing or could he "simply look at the calendar to see . . . it was more than three months." He then stated: "I'm also satisfied that [the February 14, 2020] notice of claim was filed within ninety days or within three months of the date of the accrual of the cause of action." Therefore, the judge denied the Board's application to vacate

4 <span>A-4314-19</span>

the provision of the prior order that found the tort claims notice filed against the Board was timely regarding Angela's Portee claim.

In addressing Angela's motion for leave to file a late tort claims notice against the City, the trial court found Angela had not demonstrated extraordinary circumstances to permit a late filing of the notice against the City. And, the court also found that the tort claims notice filed against the Board was not sufficient to place the City on notice of a claim against it.

Only the Board has appealed. Therefore, the sole issue before us is whether Angela's tort claims notice for her Portee claim filed ninety-one days after the shooting and eighty-six days after Micah's death was timely. We conclude it was, but for different reasons than expressed by the trial court. See Hayes v. Delamotte, 231 N.J. 373, 387 (2018) (directing that a "trial court judgment that reaches the proper conclusion must be affirmed even if it is based on the wrong reasoning.").

Our review of rulings of law and issues regarding the applicability, validity, or interpretation of laws, statutes, or rules is de novo. See State v. Fuqua, 234 N.J. 583, 591 (2018); Meehan v. Antonellis, 226 N.J. 216, 230 (2016). A "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."

Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

First, we quickly address the court's misapprehension that the ninety-day deadline under N.J.S.A. 59:8-8 to file a tort claims notice is equivalent to three months. It is well-established that, to discern the Legislature's intent, we first turn to the plain language of the statute, which is "the best indicator" of legislative intent. In re Plan for the Abolition of the Council on Affordable Hous., 214 N.J. 444, 467 (2013). "If the plain language leads to a clear and unambiguous result, then [the] interpretive process is over." Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 195 (2007).

The ninety-day deadline is specific, clear, and unambiguous. N.J.S.A. 59:8-8 states: "A claim relating to a cause of action for death or for injury or damage to person . . . shall be presented as provided in this chapter not later than the 90th day after accrual of the cause of action." (emphasis added). See Jones v. Morey's Pier, Inc., 230 N.J. 142, 154-55 (2017); Rogers v. Cape May Cty. Off. of Pub. Def., 208 N.J. 414, 420-21 (2011). There is no doubt that when the Legislature said ninety days it meant ninety days and not three months.

Angela's cause of action accrued on the day of the shooting. See Beauchamp v. Amedio, 164 N.J. 111, 123 (2000) (finding a "claim accrues on

the date of the accident or incident that gives rise to any injury . . . "). Therefore, the Board asserts her tort claims notice—filed ninety-one days after the shooting—was late.

In her responsive brief, Angela argues for the first time that because Micah's time to file a notice of claim and complaint was tolled under N.J.S.A. 59:8-8, the time to file her Portee claim should also be tolled. Angela relies on the tolling period accorded to a parent's claim under N.J.S.A. 2A:14-2.1. The question of the harmonization of the two statutes has not previously been addressed by our courts.

The time to file a negligence action is governed by the two-year statute of limitations set forth in N.J.S.A. 2A:14-2. However, N.J.S.A. 2A:14-2.1 permits the following exception:

> Where a parent . . . has a claim for damages suffered by him because of an injury to a minor child caused by the wrongful act, neglect or default of any person . . ., an action at law upon such claim may be commenced by the said parent . . . within the same period of time as provided by law in the case of the said minor child so injured, provided that, if an action is commenced by or on behalf of the said minor child, the said claim of the parent . . . shall be asserted and maintained in such action brought on behalf of the injured minor child either as a plaintiff or third party plaintiff and if not so asserted shall be barred by the judgment in the action brought on behalf of said injured minor child.

The wrongful death claims did not accrue until Micah died on November 20, 2019. Therefore, the Estate had ninety days from November 20, 2019, to file a tort claims notice under N.J.S.A. 59:8-8, and two years from the same date to institute a lawsuit.

Under N.J.S.A. 2A:14-2.1, the time for Angela to file her own lawsuit for her individual claims of emotional distress was also tolled until the Estate instituted suit. See Mansour v. Leviton Mfg. Co., 382 N.J. Super. 594, 604 (App. Div. 2006). However, N.J.S.A. 59:8-8 is silent as to whether Angela's ninety-day deadline to file a tort claims notice for her Portee claim, which arises from her witnessing of the shooting and injury to Micah, was also tolled.

Prior case law has established that the savings provision under N.J.S.A. 59:8-8 tolls the requirement for a minor to file a tort claims notice until ninety days after a minor's eighteenth birthday. See S.P. v. Collier High Sch., 319 N.J. Super. 452 (App. Div. 1999); Hill v. Middletown Bd. of Educ., 183 N.J. Super. 36 (App. Div. 1982); Vedutis v. Tesi, 135 N.J. Super. 337, 340-41 (Law Div. 1975), aff'd o.b., Vedutis v. S. Plainfield Bd. of Educ., 142 N.J. Super. 492 (App. Div. 1976).

There is no precedent squarely on point stating N.J.S.A. 59:8-8 also permits the tolling of a parent's Portee claim. However, several cases are

8

helpful in defining the principles upon which we rely in reaching our determination today.

In <u>Rost v. Bd. of Educ. of Borough of Fair Lawn</u>, 137 N.J. Super. 76 (App. Div. 1975), we considered whether a parent's consequential damages for injuries to his child were barred because the parent had not filed a timely notice of tort claim under N.J.S.A. 59:8-8.[4] The trial court found the child's accrual date to file a notice was tolled under the statute. However, because the statute did not include a similar tolling period for the parent's claims, the trial court determined the parent's claim was barred for failure to file a timely notice. We reversed, stating the trial court's decision

> might have the indirect effect of requiring notice of the infant's claim to be presented within the time limitations prescribed by N.J.S.A. 59:8-8 . . . . [which] is contrary to the express statutory provision relating to notice of infant claims and is not consonant with the legislative intent implicit in N.J.S.A. 59:8-8 or expressed in N.J.S.A. 2A:14-2.1.
>
> [<u>Id.</u> at 79.]

In <u>Mansour</u>, a products liability action, we addressed the issue of whether N.J.S.A. 2A:14-2.1 tolled a parent's <u>Portee</u> claim. There, an infant was injured when an electric wok filled with hot liquid fell off the countertop and spilled onto her, causing serious injuries. 382 N.J. Super. at 596. Thirteen

---

[4] <u>Rost</u> was decided prior to our Supreme Court's 1980 decision in <u>Portee</u>.

9 <span style="float:right">A-4314-19</span>

years later, the child, through her father as guardian ad litem, filed a products liability suit against the manufacturer and distributors of the wok. Ibid. The father also brought a claim against his former attorney, alleging professional negligence for counsel's failure to file a complaint on the father's behalf for a Portee claim and failure to advise the father of the two-year statute of limitations applicable to negligence actions. Id. at 597.

The attorney moved for summary judgment, arguing there was no basis for a negligence claim because any Portee claim was tolled under N.J.S.A. 2A:14-2.1. Ibid. The manufacturer opposed the motion, asserting the Portee claim was not tolled and the attorney could be potentially liable for the father's alleged damages. Id. at 597-98. The trial court granted the attorney's summary judgment motion, holding the statute of limitations for the father's Portee claim was tolled. Id. at 598. We granted leave to appeal. Ibid.

We noted that the tolling statute, N.J.S.A. 2A:14-2.1, provides that a parent's claim for damages resulting from an injury to a minor child was tolled because "the underlying assumption of the tolling statute is that proof of the child's cause of action is an essential element of the parent's cause of action." Id. at 603. We reasoned that because a Portee claim requires "all of the same proofs on liability as the underlying negligence/products liability action," "[i]t

10

would make little or no sense to allow, much less effectively to require, separate lawsuits." Id. at 604.

Tolling the Portee claim in tandem with the child's claim was consistent with the purposes behind the entire controversy doctrine—avoiding "multiple lawsuits on related claims involving the same parties," the "risk of inconsistent results," and "promot[ing] judicial economy." Ibid. Therefore, we affirmed the grant of summary judgment to the attorney as any potential claims against her were tolled. Id. at 605.

Although Mansour did not consider the applicability of the TCA's tolling statute to a parent's Portee claim, the same principles underlying our decision there require a similar determination here.

N.J.S.A. 2A:14-2.1 tolls the time for a parent to institute a lawsuit arising out of any damages resulting from an injury to a minor child for as long as the child's claim is tolled. The statute preserves the parent's claims until the child brings their claim.

The TCA tolls the time for a child to file a notice of claim or lawsuit through the period of minority. If a parent's Portee claim arising out of their child's injury were not also tolled under the TCA, it would result in the absurd situation that the parent's cause of action would likely be brought before a judge and jury for trial, perhaps years or decades before the child's lawsuit was

11

initiated. This runs contrary to the principles underlying the entire controversy doctrine and promoting judicial economy.

For the same reasons, the time to file a notice of claim must also be consistent concerning a parent and child. If a minor's time to file a notice is tolled under N.J.S.A. 59:8-8, and a parent's time to file a lawsuit regarding their own claims is tolled as long as the child's, then the time for a parent to file a tort claims notice must also be tolled. In considering N.J.S.A. 59:8-8 and N.J.S.A. 2A:14-1 in pari materia, we conclude the tolling of a notice of tort claim must also be extended for a parent's Portee claim to promote uniformity and predictability.

Although we recognize the purposes underlying the claims notification requirement of "prompt notification of a claim" "to adequately investigate the facts and prepare a defense," and permitting "an administrative review with the opportunity to settle meritorious claims"[5] may be thwarted by tolling a parent's Portee claim, the Legislature already determined those policies were not paramount in the instance of a minor's claims when it enacted N.J.S.A. 59:8-8. For the reasons already stated, a parent's Portee claim should be tolled and preserved until the time the child asserts their claim.

---

[5] Jones, 230 N.J. at 155.

Micah's time to file a notice of tort claim was tolled until he died on November 20, 2019. Angela's <u>Portee</u> claim was also tolled until that date. She filed a notice of tort claim eighty-six days later. Therefore, her notice was timely under N.J.S.A. 59:8-8.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13