## LOVE v. COMMERCIAL CASUALTY INS. CO. et al.

District Court, S. D. Mississippi, Jackson Division.

March 7, 1939.

Flowers, Brown & Hester, of Jackson, Miss., for plaintiff.

Green, Green & Jackson, of Jackson, Miss., for defendants.

MIZE, District Judge.

This is a suit by the plaintiff for damages alleged to have been suffered by him by reason of a letter written by one of the defendants to the other, but through inadvertence the letter was mailed to the attorneys for the plaintiff. The defendants have moved to dismiss the cause of action upon the ground that the letters show upon their face that they were written by one defendant to the other concerning a matter about which the defendants had a common interest and therefore the occasion was privileged. The plaintiff resists the motion to dismiss on the ground that the declaration charges that the letter was maliciously written and on the ground that the letter exceeded the privilege allowed by the occasion.

The letter in substance charges the plaintiff with an attempt to defraud the Bus Line Company by making an exorbitant claim for damages to an automobile owned by him which was negligently run into by the Bus Line Company. Plaintiff made his demand for the damages upon the Bus Line Company and his letter was delivered to the insurance carrier. The insurance carrier wrote a letter back to the plaintiff, which, to say the least, was very discourteous, and thereupon the plaintiff turned this letter over to his attorneys. His attorneys wrote the Bus Line Company, which, so far as the plaintiff knew at that time, was the only one liable to him, not knowing that insurance was carried. The Bus Line Company thereupon sent this letter from plaintiff's attorneys to the insurance carrier and the insurance carrier replied to the Bus Line Company in which it, in substance, charged the plaintiff with an attempt to defraud, called him a shyster lawyer, and used other disparaging language concerning the plaintiff. This letter, which was addressed to the Bus Line Company, as above stated, through inadvertence was mailed to the attorneys for the plaintiff and is the basis of this lawsuit.

The declaration charges that the letter was maliciously written concerning plaintiff and under the rules of civil procedure is a sufficient charge of malice Rule 9(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c provides that malice and other conditions of mind of the person sued may be averred generally. The defendants contend that facts must be alleged in the complaint from which it can be inferred that the letter was written in fact with malice, and to aver generally that it was maliciously writ-

ten is not sufficient as being a conclusion of the pleader. The rule above quoted, however, is very clear and is not open to any such construction as contended for by the defendants. This rule very probably was adopted from the rules of the Supreme Court of England, Order XIX, Rule 22, which provides that whenever it is material to allege malice, etc., it shall be sufficient to allege same as a fact without setting out the circumstances from which it is to be inferred. It was construed in the case of Sargeaunt v. Cardiff Junction Dry Dock Co. (1926) W.N. 263, in which Justice Astbury declined a bill of particulars with reference to how certain knowledge alleged came to exist, whether it was by means of documents or verbally. After discussing the rule, he declined the bill of particulars. See also Halsbury's Laws of England, 2d Edition, Volume XXV, 277; Moore's Federal Practice, page 589; Edmunds on Federal Rules of Civil Procedure, Volume 1, pp. 423 and 432, et seq.

For the above reasons the motion of the defendant to dismiss should be overruled.

■ The letter exceeded the privilege of the occasion. While it is true that the defendant companies had an interest in settling the claim with the attorneys for the plaintiff, yet the language used far exceeded the privileges of the occasion when addressed to the attorneys for the plaintiff. If the letter had been properly addressed to the co-defendant and received by it without further publicity than that between themselves, then it probably would have been privileged if it was not actuated by malice. It was quasi privileged as between them. Missouri Pacific Transportation Co. v. Beard, 179 Miss. 764, 176 So. 156. The defendants lost the advantage of this privileged occasion, however, when the letter was sent to the attorneys for the plaintiff, as it is very clear that there was no such interest between the parties as would authorize a privileged communication and it far exceeded any quasi privilege. Hines v. Shumaker, 97 Miss. 669, 52 So. 705; Newell on Slander and Libel, 2d Edition, Sec. 108; Cook on Defamation, 35. As stated by these authorities, a communication made by a person is privileged only when a due regard to his own interest renders it necessary. While he is entitled to defend and protect himself, yet it is not often that he is compelled to employ slanderous words in order to do that.

He could have done all that his interest or duty demanded without libeling or slandering a person. See also Louisiana Oil Co. v. Renno, 173 Miss. 609, 157 So. 705.

As stated above, for these reasons the motion of the defendants to dismiss will be overruled.