34 N.J. Super. 568 (1955)
112 A.2d 785
GEORGE S. BICKWIT, PAUL TOMMARCHI AND JOSEPH CASALINO, INDIVIDUALLY AND CO-PARTNERS T/A PLASTIC MOLDED ARTS CO., PLAINTIFFS,
v.
JACK G. HAMMES, ROSE HAMMES, GUARANTEE BANK & TRUST CO., A CORPORATION OF NEW JERSEY, AND COMET BUILDING IMPROVEMENT CO., A CORPORATION OF NEW JERSEY, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 15, 1955.
*570 Mr. David M. Perskie, for plaintiffs (Messrs. Perskie & Perskie, attorneys).
Mr. Edward Fishman, for defendants Jack G. Hammes and Rose Hammes (Messrs. Miller & Fishman, attorneys).
Mr. Maurice Y. Cole, for defendant Guarantee Bank & Trust Co. (Messrs. Cole & Cole, attorneys).
Mr. Herbert Horn, for defendant Comet Building Improvement Co. (Messrs. Lloyd & Horn, attorneys).
HANEMAN, J.S.C.
This is a motion by the defendant Guarantee Bank and Trust Company for a judgment on the pleadings. Plaintiffs herein filed a complaint seeking to set aside an assignment of a mortgage from one Rose Hammes to the Guarantee Bank and Trust Company on the ground that a prior assignment from Jack G. Hammes to Rose Hammes, his wife, was in fraud of creditors.
A synopsis of the facts as alleged in the complaint is as follows: On August 7, 1951 the Comet Building Improvement Company executed and delivered to Jack G. Hammes a mortgage in the amount of $10,000. In July and August of 1952 plaintiffs sold merchandise to said Jack G. Hammes. On October 21, 1952 the said Jack G. Hammes assigned his interest in the above referred to mortgage to his wife, Rose Hammes, which assignment was duly recorded. On June 1, *571 1953 plaintiffs instituted suit against Jack G. Hammes for the amount allegedly then due to them for goods sold and delivered. On February 23, 1954 defendant Rose Hammes assigned the above referred to mortgage to the Guarantee Bank and Trust Company of Atlantic City, New Jersey, which assignment was recorded on March 2, 1954.
Plaintiffs allege that at the time of the assignment from Jack G. Hammes to his wife Rose Hammes he was insolvent and that a fair consideration was not paid therefor. Plaintiffs further allege that at the time of the assignment Rose Hammes had full knowledge of the lack of consideration and of the insolvency, and of the intention of Jack G. Hammes to thereby defraud his creditors.
Insofar as the defendant Guarantee Bank and Trust Company is concerned, the allegations of the complaint are as follows:
"The said assignment was in furtherance of the plan or scheme of the defendants, Jack Hammes and Rose Hammes, to delay, hinder and defraud the creditors of Jack Hammes, and the defendant, Guarantee Bank & Trust Co., had actual and full knowledge of the facts and circumstances surrounding the financial condition of defendant Jack Hammes, and had actual and full knowledge of the fact that plaintiffs were in the process of obtaining a judgment against defendant Jack Hammes."
"The assignments and conveyances aforesaid were all fraudulent and made with the deliberate intent to delay, defraud and hinder the creditors of the defendant, Jack G. Hammes, of whom plaintiffs are one."
The Guarantee Bank and Trust Company has filed an affidavit herein, setting forth the fact that the mortgage was purchased in the ordinary course of business by it upon the payment of $10,000. Said affidavit, in addition, contains the following paragraph:
"The Guarantee Bank and Trust Company purchased said mortgage in the usual course of business, in good faith, and for full value, without notice or knowledge of any alleged infirmity in said indenture, or any assignments thereof, and without knowledge of the facts alleged in said complaint pertaining to transactions between Jack G. Hammes and Rose Hammes. Said Bank was without notice or knowledge of the alleged insolvency of Jack G. Hammes, or any lack *572 of consideration for the assignment of said mortgage from Jack G. Hammes to Rose Hammes, or the other allegations made by plaintiff in said complaint. In purchasing said mortgage the Bank relied upon the representations of the said Rose Hammes as to ownership of said mortgage, the title records in the office of the Clerk of Atlantic County, and the insuring thereof as a first mortgage lien by South Jersey Title Insurance Company."
Plaintiffs filed no affidavits and were apparently satisfied to rest upon the allegations of their complaint.
This motion, as above noted, was made by virtue of R.R. 4:12-3. As therein provided, matters outside of the pleadings having been presented, the motion shall be tried as though for summary judgment and disposed of as provided in R.R. 4:58-1 et seq.
It is first to be noted that there is no allegation in the complaint that the Guarantee Bank and Trust Company was a party to the alleged fraud nor does the complaint allege that the Guarantee Bank and Trust Company had any actual notice or knowledge at the time of the assignment of the mortgage to it "of the plan or scheme of the defendants Jack Hammes and Rose Hammes to delay, hinder and defraud the creditors of Jack Hammes." What is alleged as far as the Guarantee Bank and Trust Company is concerned is that it had "actual and full knowledge of the facts and circumstances surrounding the financial condition of defendant Jack Hammes."
In order for the plaintiffs to succeed in this suit against the assignee bank, it must be proven that at the time of the assignment of the mortgage said assignee had actual notice of the alleged fraud, or that the circumstances were such that it was put upon inquiry. Danbury v. Robinson, 14 N.J. Eq. 213 (Ch. 1862); McMurtry v. Bowers, 91 N.J. Eq. 317 (E. & A. 1919); Horton v. Bamford, 79 N.J. Eq. 356 (Ch. 1911).
In effect, the complaint alleges that the Guarantee Bank and Trust Company had such knowledge of the insolvency of Jack G. Hammes as raised a legal obligation to make inquiry and it is therefore bound by the existing facts that would have been disclosed by such inquiry.
*573 R.R. 4:58-3, as far as here pertinent, provides as follows:
"The judgment or order sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show palpably that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."
In passing upon a motion for a summary judgment such as is here made, it is the function of the court to determine whether or not a genuine issue of fact exists, rather than to decide such factual issue, if it is extant. If the court is satisfied that the facts in the case, as disclosed by the pleadings, affidavits, etc., are such that it would be required, upon a trial of the case, to direct a verdict for the moving party, then no genuine existing fact exists and a summary judgment should be granted.
It is to be recognized that a summary judgment should be granted only with much caution and should not be used for a trial of disputed facts upon affidavits. The burden is on the movant for summary judgment to show "palpably" that there is no genuine issue as to any material fact challenged. Such a motion should not be used as a substitute for a trial. The plaintiffs have seen fit to rest upon their complaint without any substantiation by way of affidavit or otherwise.
In connection with the problem here involved, it must be borne in mind that the relief demanded against this defendant arises from the alleged "knowledge" of facts which would have put it on notice to make inquiry. Knowledge, as here used, denotes a state of mind. State of mind is an incorporeal, intangible condition. It is not a thing susceptible of being perceived by the physical senses and hence not capable of being subjectively described. For the court to find that the said defendant here had such information or should have had such information as to make it culpable, it would be necessary to prove surrounding circumstances from which the court could conclude that some agent of this corporate defendant obtained such information as would result in a *574 mental impression or knowledge of the alleged fraudulent assignment by Jack G. Hammes while insolvent.
Under modern practice, a plaintiff is not required to plead with the detail and particularity as that which was required prior to September 1948. Skeletal pleading is now generally recognized and permitted. But if a pleading is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading he may move for and obtain a more definite statement. R.R. 4:12-5. In connection with fraud, however, a plaintiff is required to plead with specificity. R.R. 4:9-1. However, the last cited rule also provides as follows:
"Malice, intent, knowledge and other condition of mind of a person may be averred generally."
See also Anderson v. Modica, 4 N.J. 383 (1950). R.R. 4:9-1 is patterned after Federal Rule 9(b).
It has been repeatedly held in the construction of the federal rule that a demand for a more specific statement will be denied where the gravamen of the complaint concerns itself with the state of mind of a person. United States v. Schuchhardt, 48 F. Supp. 876 (D.C.N.D. Ind. 1943)  (intent); Wolf Sales Co. v. Rudolph Wurlitzer Co., 105 F. Supp. 506 (D.C. Colo. 1952)  (estoppel based on state of mind); E.I. DuPont DeNemours & Co. v. DuPont Textile Mills, Inc., 26 F. Supp. 236 (D.C.M.D. Pa. 1939)  (intent); Love v. Commercial Casualty Ins. Co., 26 F. Supp. 481 (D.C.S.D. Miss. 1939)  (malice).
The reasoning of these cases would seem to lead to the conclusion that since state of mind could be pleaded generally as a conclusion and there is no legal requirement that a pleader be obliged to furnish facts in the complaint which led him to form that conclusion, that such pleader is not required to file controverting factual affidavits on a motion of this type in order that a factual issue be raised. The mere statement of the conclusion in the complaint being sufficient to raise an issue, he is not required to amplify such statement by affidavit on a motion for summary judgment. He may *575 safely rest upon his bold assertion in the complaint of the presence of such a state of mind in the defendant.
Although a general factual issue is ordinarily not raised upon such a motion as here made merely by the formal unverified allegations of the pleadings (Geller v. Transamerica Corporation, 53 F. Supp. 625 (D.C. Del. 1943), affirmed 151 F.2d 534 (3d Cir. 1945); Allen v. R.C.A., 47 F. Supp. 244 (D.C. Del. 1942)), it may be so raised where the allegation involves a state of mind. The complaint and moving affidavits give rise to a factual issue and the court must then deny the motion.
Consistent with such a determination, our courts have held that a question of intent or malice (a state of mind) cannot be resolved or decided upon affidavits filed pursuant to a motion for summary judgment. Mayflower Industries v. Thor Corp., 15 N.J. Super. 139 (Ch. Div. 1951), affirmed 9 N.J. 605 (1952).
It is therefore here held that generally where knowledge is pleaded as an essential ingredient of a cause of action, a motion for summary judgment based upon an affidavit containing a categorical denial of such knowledge should be denied even though no controverting affidavit is filed by the respondent.
An order will be entered accordingly.