176 N.J. Super. 234 (1980)
422 A.2d 800
AIDA M. MERCADO, ADMINISTRATRIX AD PROSEQUENDUM AND GENERAL ADMINISTRATRIX OF THE ESTATE OF LUIS MEDINA, DECEASED, AND AIDA M. MERCADO, INDIVIDUALLY, PLAINTIFFS,
v.
TRANSPORT OF NEW JERSEY AND SUMNER HUGHES, JR., DEFENDANTS.
Superior Court of New Jersey, Law Division Essex County.
Decided September 19, 1980.
*236 Marvin Pincus for plaintiffs (Miller & Pincus, attorneys).
Craig W. Miller for defendants (Zavesky, Kelly, Madden & Van Dorn, attorneys).
YANOFF, J.S.C.
This is an application of the principles laid down in Portee v. Jaffee, 84 N.J. 88 (1980).
Plaintiff personally, as general administratrix and as administratrix ad prosequendum, sued for the death of her eight-year-old son in three causes of action: (1) her own emotional injuries; (2) an action under the Death Act, N.J.S.A. 2A:31-5, in which loss of companionship is the only claim; (3) for pain and suffering during the infant's lifetime under N.J.S.A. 2A:15-3.
Prior to the decision in Portee, supra, I granted summary judgment for defendants as to items (1) and (2).[1] When the Portee decision was issued a motion for reargument was made. The only substantial question relates to the direct claim for emotional trauma. It requires interpretation of the third of four prerequisites for recovery laid down by the court's opinion:
... (1) the death or serious physical injury of another caused by defendant's negligence; (2) a marital or intimate, familial relationship between plaintiff and the injured person; (3) observation of the death or injury at the scene of the accident; and (4) resulting severe emotional distress. [84 N.J. at 101]
The uncontradicted facts shown by the papers are: On April 19, 1977, at about 2:25 p.m., Luis Medina, the eight-year-old decedent, was struck by a bus owned by defendant Transport of New Jersey and operated by defendant Sumner Hughes, Jr. Plaintiff Aida M. Mercado did not witness the accident but learned of it minutes later when her daughter rushed into her residence and told her what had just occurred. Mrs. Mercado *237 hurried outside and saw her son in the street, severely injured and unconscious. Luis Medina died at 3:45 p.m. that same afternoon.
I conclude that Portee does not require that a close relative who makes a personal claim for emotional injury witness the accident causing the alleged emotional injury. As presented, the facts show that the mother saw the child lying in the street a very short time after the impact. In Portee the mother was not present when first her son became trapped in the elevator. The opinion is silent as to how long a time elapsed between the moment when the child became trapped and when the mother arrived.
The authorities cited in Portee (at 97-98) offer guidance to solution of the problem. In all of the cases cited, only in Landreth v. Reed, 570 S.W.2d 486 (Tex.Civ.App. 1978); Dziokonski v. Babineau, 375 Mass. 555, 380 N.E.2d 1295 (Sup.Jud.Ct. 1978), and Kelley v. Kokua Sales & Supply, Ltd., 56 Haw. 204, 532 P.2d 673 (Sup.Ct. 1975), did the plaintiff relative who claimed damages for emotional trauma not see the accident. Of these cases, only in Kelley v. Kokua Sales & Supply, Ltd. was recovery denied. In that case plaintiff was in California at the time the accident occurred in Hawaii. The court held as a matter of law that the distance was too great to permit recovery. 56 Haw. at 209, 532 P.2d at 676. In the other cases where plaintiff did not witness the occurrence of the accident, he or she arrived at the scene shortly thereafter and witnessed the suffering of the victim immediately. In Landreth v. Reed, supra, there was a drowning. It was not clear whether the plaintiff sister actually saw the drowned person in the pool. There the court said: "In the modern view, actual observance of the accident is not required if there is otherwise an experiential perception of it, as distinguished from a learning of it from others after its occurrence." [570 S.W.2d at 490] The guiding principle in the cited cases was that noted by Justice Pashman in Portee:
... As Justice Cardozo stated in his classic formulation, "The risk reasonably to be perceived defines the duty to be obeyed." Palsgraf v. Long Island R.R. Co., *238 248 N.Y. 339, 344, 162 N.E. 99, 100 (1928); see 2 F. Harper & F. James, supra, § 18.2 at 1018. Such a risk of severe emotional distress is present when the plaintiff observes the accident at the scene. Without such perception, the threat of emotional injury is lessened and the justification for liability is fatally weakened. The law of negligence, while it redresses suffering wrongfully caused by others, must not itself inflict undue harm by imposing an unreasonably excessive measure of liability. Accordingly, we hold that observing the death or serious injury of another while it occurs is an essential element of a cause of action for the negligent infliction of emotional distress. [84 N.J. at 99-100]
Notably, he did not say that observation of the accident itself is a prerequisite for recovery. In Corso v. Merrill, N.H., 406 A.2d 300 (Sup.Ct. 1979), the fact that the close relative did not actually see the accident did not preclude recovery.
To require that the relative witness the actual moment of impact would create very difficult problems of proof. A mother walking hand in hand with her child on the street might not actually see the contact between the child and a motor vehicle. The requirement of "direct ... sensory and contemporaneous observance" stated in the Portee opinion relates not to witnessing the moment of actual impact, but to witnessing the suffering of the victim. The opinion states: "The trauma of witnessing the agonizing death of one's child may be no less substantial than the shocking realization that one's newborn child is profoundly crippled and will remain so for life." 84 N.J. at 95.
Portee did not pass upon any claim other than the parent's direct claim for emotional injury. Although the complaint asserted survival and wrongful death claims under N.J.S.A. 2A:15-3 and N.J.S.A. 2A:31-1, as indicated, I have denied the summary judgment motion as to the action by the general administratrix for pain and suffering during the lifetime. However, the ruling as to the action by the administratrix ad prosequendum for wrongful death, DeSanto v. Babino, 168 N.J. Super. 582 (App.Div. 1979), is probably not affected by the Portee ruling as to the claim of a close relative for emotional injuries. It certainly remains untouched as authority with respect to claims under the Wrongful Death Act for loss of "companionship." As to this, the court in DeSanto stated:

*239 At the outset it must be recognized that under the Wrongful Death Act, even though he is an adult, plaintiff may recover damages for his pecuniary losses resulting from the death of his mother, upon proof that he was a dependent. Turon v. J. & L. Constr. Co., 8 N.J. 543, 559 (1952). As already noted, he alleges that he depended upon his mother for "care, companionship and support." If by "companionship" plaintiff means to include mental anguish, it has long been settled that there may be no recovery under the Wrongful Death Act for such a claim. Burd v. Vercruyssen, 142 N.J. Super. 344, 355 (App.Div. 1976), cert. den. 72 N.J. 459 (1976). [at 586]
In Sinn v. Burd, 486 Pa. 146, 404 A.2d 672 (Sup.Ct. 1979), a case which permitted recovery for the emotional trauma of seeing a daughter killed, the court noted that this did not mean there could be recovery for pecuniary loss under the Pennsylvania Wrongful Death Act. 486 Pa. 151, 404 A.2d at 675, n. 3.
Gluckauf v. Pine Lake Beach Club, Inc., 78 N.J. Super. 8 (App.Div. 1963), sets the outer limits for recovery for pecuniary loss resulting from wrongful death. There the court permitted evidence as to decedent child's brilliance and possible future earnings in determining damages under N.J.S.A. 2A:31-5. In the case at bar plaintiff frankly claims damages for loss of "companionship and society." The clear language of the statute and the holding in DeSanto, supra, require that the summary judgment motion be granted with respect to that aspect of the claim.
An appropriate order has been entered.
NOTES
[1] The motion for summary judgment as to the claim for pain and suffering during the infant's lifetime was denied because the evidence did not establish without contradiction that the infant died immediately upon the occurrence of the accident.