3 A.3d 601 (2010)
416 N.J. Super. 141
Mary HINTON, as Administratrix Ad Prosequendum for the Estate of Catrina Briggs, Plaintiff,
v.
Eileen D. MEYERS a/k/a Eileen Meyers, Defendant.
Estate of Yaa Ayannah Bosompem, by her prospective Administrator Ad Prosequendum Kwaku Boadu Bosompem, and Kwaku Boadu Bosompem, individually, Plaintiff-Appellant,
v.
Eileen D. Meyers, Defendant-Respondent, and
Estate of Catrina L. Briggs[1] and Amica Insurance Company,[2] Defendants. *602 
Docket No. A-5700-08T1
Superior Court of New Jersey, Appellate Division.
Submitted April 28, 2010.
Decided September 7, 2010.
*603 Mescall & Acosta, attorneys for appellant (James C. Mescall, West Orange, on the brief).
Herforth, MacDonald & Gallicchio, attorneys for respondent (Robert MacDonald, on the brief).
Before AXELRAD, SAPP-PETERSON and ESPINOSA.
The opinion of the court was delivered by
SAPP-PETERSON, J.A.D.
In this appeal, we consider whether the third element of a claim for negligent infliction of emotional distress under Portee v. Jaffee, 84 N.J. 88, 417 A.2d 521 (1980), "observation of the death or injury at the scene of the accident," is satisfied with proof of knowledge or awareness of death or injury but without any contemporaneous sensory perception. We determine that such proof does not satisfy the third element. We therefore affirm the trial court orders granting summary judgment dismissing plaintiff's Portee claim and denying plaintiff's motion for reconsideration.
The facts, when viewed most favorably to plaintiff, Kwaku Boadu Bosompem,[4] as the party opposing summary judgment, Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523, 666 A.2d 146 (1995), disclose that the tragic events in this matter unfolded on September 29, 2005. On that date, Catrina Briggs (Briggs), the mother of his daughter, Yaa Ayannah Bosompem,[5] was pushing Yaa Ayannah in a baby stroller across Bloomfield Avenue in Verona when a motor vehicle operated by Meyers struck both Briggs and their daughter, fatally injuring both. Shortly before the accident, the two had accompanied Bosompem to a job orientation. He had instructed Briggs to return to the car with Yaa Ayannah and wait for him in the car. The fatal accident occurred at some point after Briggs and Yaa Ayannah left Bosompem at the orientation location.
As the named administrator of his daughter's estate, Bosompem filed a complaint on behalf of her and himself, individually, against Meyers, Briggs' estate, and Amica Insurance Company. Among the causes of action asserted were claims of wrongful death, N.J.S.A. 2A:31-1 to -6, negligent supervision, and negligent infliction of emotional distress. In an order dated December 7, 2007, the court, following a motion brought by defendant Meyers, consolidated plaintiff's complaint with a complaint filed on behalf of the Estate of Catrina Briggs against Meyers. Briggs' estate reached a settlement with Meyers and a Stipulation of Dismissal was later executed and filed with the court. Thereafter, *604 Meyers moved for partial summary judgment against Bosompem, claiming that he failed to meet the criteria to assert a Portee claim. Portee, supra, 84 N.J. at 101, 417 A.2d 521.
On March 6, 2009, the motion judge, after conducting oral argument, granted the motion. The court concluded that plaintiff failed to raise a genuinely disputed issue of fact related to the third element of a Portee claim, and entered an order dated March 6, granting partial summary judgment dismissing the third count of plaintiff's complaint. See Ibid. On March 12, Meyers entered into a settlement with plaintiff on behalf of Yaa Ayannah's estate and a Stipulation of Dismissal was filed with the court on April 17.
Plaintiff filed a motion for reconsideration of the court's March 6 order, which the court denied. In a statement of reasons attached to the order, the court concluded that plaintiff's motion did not meet the standards for relief pursuant to Rule 4:49-2. On June 18, a Stipulation of Dismissal was filed dismissing plaintiff's complaint against Amica Insurance without prejudice. Plaintiff filed the ensuing appeal.
Plaintiff contends summary judgment was improvidently granted because there was "an issue of material fact regarding plaintiff's sensory observation of his daughter's serious injury" and, in granting summary judgment, the motion judge failed to afford him the benefit of all favorable inferences. Plaintiff maintains that had the court done so, it would have denied the motion. We disagree.

I.
The standard of review of a trial court's grant of a motion for summary judgment is de novo, using the same standard as that employed by a trial court. Turner v. Wong, 363 N.J.Super. 186, 198-99, 832 A.2d 340 (App.Div.2003). We must determine whether the facts, when viewed most favorably to the non-moving party, establish genuinely disputed issues of fact sufficient to defeat summary judgment. Brill, supra, 142 N.J. at 523, 666 A.2d 146. Measured against this standard, we are in complete accord with Judge Rachel Davidson that plaintiff's Portee claim fell short.
In Portee, supra, 84 N.J. at 101, 417 A.2d 521, our Supreme Court first recognized a cause of action in tort premised not upon actual physical injury upon the claimant, but based upon distress resulting from perceiving the negligently inflicted injuries upon another. In order to assert a Portee claim, a plaintiff must establish four elements:
(1) the death or serious physical injury of another caused by defendant's negligence;
(2) a marital or intimate, familial relationship between plaintiff and the injured person;
(3) observation of the death or injury at the scene of the accident; and
(4) resulting severe emotional distress.
[Ibid.]
Of significance here is the third element only. In Jablonowska v. Suther, 195 N.J. 91, 111, 948 A.2d 610 (2008), our Supreme Court, in addressing the third element, reiterated the principle that "[t]he viability of Portee claims depends only on whether the plaintiff has had a sensory, contemporaneous perception of an injury that was sustained by a spouse or close family member, irrespective of the distance from which that perception arises." Id. at 107, 948 A.2d 610. Thus, for example, in Ortiz v. John D. Pittenger Builder, Inc., 382 N.J.Super. 552, 563, 889 A.2d 1135 (Law Div.2004), the Law Division judge recognized that plaintiffs' Portee claims *605 were viable, despite the fact that plaintiffs did not actually see the fire incinerating the victim, because they knew the victim was inside the home being engulfed in the flames, having themselves just escaped the fire. More recently, in Mansour v. Leviton Mfg. Co., Inc., 382 N.J.Super. 594, 890 A.2d 336 (App.Div.2006), we found that a father who ran into the kitchen upon hearing his infant daughter scream and saw steam coming from her body satisfied the third prong of Portee:
It is plain to us that the products [liability] defendants would not be entitled to summary judgment dismissing [plaintiff's] Portee claim on the ground that the father did not witness the accident. He heard the child's contemporaneous screams. The "observation" required by Portee involves sensory perception, and sight is only one of the senses.
[Id. at 601, 890 A.2d 336.]
Here, it is undisputed that plaintiff did not witness the accident and was completely unaware that an accident had occurred. During his deposition, he testified that he heard his daughter screaming and crying but that he did not contemporaneously hear any screeching of brakes, any thumping sounds, or anything of that nature shortly before he heard his daughter screaming and crying. He indicated that he "felt" that the voice he heard was that of his daughter but that he did not "know exactly that it was her or not." He was, however, concerned that the voice was hers. He also heard sirens outside of the building. Although he was seated by an open window, he did not look outside to see what was happening. Rather, he waited approximately twenty minutes and then asked permission to check on his "wife and kids." When he went outside, he saw his daughter's stroller broken into pieces and also observed the police and ambulance. It was at this point he learned that Briggs and their daughter had been involved in a car accident. Yaa Ayannah had already been removed to the hospital. After he arrived at the hospital, he observed her in a neck brace with medical personnel treating her. Shortly after his arrival, medical staff advised him that she had died.
These facts, viewed most favorably towards plaintiff, do not implicate plaintiff's contemporaneous perception of his daughter's fatal injury for purposes of asserting a Portee claim. Plaintiff did not witness the accident, and his subsequent observation of his daughter at the hospital just before she died was sufficiently attenuated from the accident to negate the requisite element of contemporaneousness. Jablonowska, supra, 195 N.J. at 111, 948 A.2d 610.
Nor does the fact that plaintiff witnessed the "non-negligent resuscitative efforts [upon Yaa Ayannah] by the team of medical personnel[,]" give rise to an indirect claim for negligent infliction of emotional distress. See Gendek v. Poblete, 139 N.J. 291, 301-02, 654 A.2d 970 (1995) (holding that parents could not recover for emotional distress they suffered in observing initial frantic but ultimately futile attempts by the non-negligent medical team to save their infant's life). Consequently, Judge Davidson properly concluded that no genuinely disputed issue of fact existed that was sufficient to defeat summary judgment under the Brill standard. Brill, supra, 142 N.J. at 523, 666 A.2d 146.

II.
Likewise, Judge Davidson properly denied plaintiff's motion for reconsideration. Rule 4:49-2 provides:
[A] motion for rehearing or reconsideration seeking to alter or amend a judgment *606 . . . . shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred.
Whether to grant or deny a motion for reconsideration is addressed to a judge's sound discretion. Fusco v. Bd. of Educ. of Newark, 349 N.J.Super. 455, 462, 793 A.2d 856 (App.Div.), certif. denied, 174 N.J. 544, 810 A.2d 64 (2002); Marinelli v. Mitts & Merrill, 303 N.J.Super. 61, 77, 696 A.2d 55 (App.Div.1997); Cummings v. Bahr, 295 N.J.Super. 374, 389, 685 A.2d 60 (App.Div. 1996).
In denying reconsideration, Judge Davidson stated:
[t]he standards for reconsideration are neither addressed nor met. Plaintiff has not demonstrated that the court ignored any evidence before it. While plaintiff does present to the court a case that it did not present before, the case in question is a Law Division case and is not binding on this court. Finally, plaintiff does not present to the court on reconsideration any facts that were not available to him at the time of the original motion. Instead, plaintiff has responded to the court's prior order with a certification clearly intended to address the court's reasons at the hearing on the motion. The facts that it does include are not consistent with the earlier sworn testimony by the same plaintiff. Nor does plaintiff explain the apparent contradictions. See Shelcusky v. Garjulio, 172 N.J. 185, 201-02 [797 A.2d 138] (2002).
The Law Division case plaintiff referenced in the reconsideration motion, Mercado v. Transp. of New Jersey, 176 N.J.Super. 234, 422 A.2d 800 (Law Div. 1980), is factually distinguishable. The victim in Mercado was also fatally injured as a result of a motor vehicle accident involving a bus and, similar to plaintiff here, the victim's mother did not actually witness the accident. Id. at 236, 422 A.2d 800. However, almost immediately following the accident, the victim's sister ran into their nearby home and told her mother what happened. Ibid. The court found that the mother could maintain a Portee cause of action because she "saw the child lying in the street a very short time after the impact." Id. at 237, 422 A.2d 800.
As noted earlier, the undisputed facts here were that plaintiff did not see his daughter until well after the accident. After hearing what he believed to be his daughter's voice screaming and crying, plaintiff remained at his orientation for another twenty minutes before leaving to check on her. By that time, she had been removed from the scene and transported to the hospital.
In addition to directing the court's attention to Mercado, plaintiff's reconsideration motion included a certification in which he stated:
Shortly after 7:00 p.m., I heard a baby scream and cry through the window. I knew it was my daughter. I immediately became distressed. I was aware from the scream that my daughter must have been seriously injured.
I had been out of work for several months. My fianc[é]e, who also died as a result of injuries sustained in the accident, was unemployed. I was concerned that if I left the orientation meeting[,] I would not receive the job which I had been promised. I waited very uncomfortably for a while. I became so anxious *607 and distressed that I could not wait any longer. I then asked the manager if I could leave to go outside to check on my fianc[é]e and my daughter. I rushed outside. At that time, I confirmed that my daughter had been seriously injured. She was pronounced dead later that evening at Mountainside Hospital.
The certification differed significantly from the testimony plaintiff provided at his deposition. During his deposition, plaintiff testified that he heard a baby screaming and crying. Although not certain, he believed the voice he heard was that of his daughter. This was the extent of his testimony related to hearing screams and cries. In his certification, however, plaintiff stated that when he heard the screaming and crying, he immediately recognized his daughter's voice and he "knew" that his daughter had been seriously injured. Plaintiff offered no explanation for the two different versions.
In Shelcusky v. Garjulio, 172 N.J. 185, 201-02, 797 A.2d 138 (2002), the Court held that a trial court may reject an affidavit as a sham when it "contradict[s] patently and sharply" earlier deposition testimony, there is no reasonable explanation offered for the contradiction, and at the time the deposition testimony was elicited, there was no confusion or lack of clarity evident from the record. Ibid. Plaintiff, in his certification, made no attempt to explain the sharply different version of the events. Further, there is nothing in the deposition transcript that bespeaks confusion or lack of clarity in the questions posed to plaintiff that could explain his failure to indicate that upon hearing his daughter's voice he knew that she was seriously injured. Consequently, Judge Davidson did not abuse her discretion when she rejected plaintiff's certification as a sham affidavit.
Moreover, accepting, for purposes of summary judgment, that upon hearing Yaa Ayannah's voice screaming and crying, plaintiff knew that his daughter had been "seriously injured," his knowledge of this fact still would not satisfy the third element of a Portee claim. First, plaintiff was completely unaware that the screaming and crying he believed to be coming from his daughter was in any way related to an accident. Second, it is well-settled that "knowledge" is a state of mind that can only be determined from conduct, words or acts. State v. Lykes, 192 N.J. 519, 539, 933 A.2d 1274 (2007) (referencing Model Jury Charge (Criminal), "State of Mind" (1993)). See also Bickwit v. Hammes, 34 N.J.Super. 568, 576, 112 A.2d 785 (Ch.Div.1955) (noting that knowledge is a state of mind that is "an incorporeal, intangible condition . . . . not a thing susceptible of being perceived by the physical senses and hence not capable of being subjectively described."). Thus, his awareness that his daughter was seriously injured twenty minutes before he exited the building to check on her and Briggs did not implicate any "sensory, contemporaneous perception of a severe injury" to Yaa Ayannah causally related to the motor vehicle accident. Jablonowska, supra, 195 N.J. at 107, 948 A.2d 610.
Affirmed.
NOTES
[1] From the record before us, it does not appear that an answer was filed on behalf of the Estate of Catrina L. Briggs.
[2] Plaintiff's claims against Amica Insurance Company having been amicably resolved, Amica is not a participant in this appeal.
[4] For ease of reference, we refer to plaintiffs in the singular context.
[5] Because the decedent, Yaa Ayannah Bosompem, and Kwaku Boadu Bosompem share the same surname, we refer to her throughout this opinion as Yaa Ayannah. In doing so, we intend no disrespect.