NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4195-15T3

ROBERT PICCONI and
STACIE PICCONI,

 Plaintiffs-Appellants,

v.

ATLANTIC HEALTH SYSTEM, INC.,
AHS HOSPITAL CORP./MORRISTOWN
MEDICAL CENTER,1 SALVATORE
RUGGIERO, and KATHRYN SORTINO,

 Defendants-Respondents.
_____________________________

 Argued October 24, 2017 - Decided November 15, 2017

 Before Judges Reisner and Mayer.

 On appeal from Superior Court of New Jersey,
 Law Division, Morris County, Docket No.
 L-1019-14.

 Anthony J. Macri argued the cause for
 appellants.

 Brett M. Anders argued the cause for
 respondents (Jackson Lewis PC, attorneys; Mr.
 Anders, of counsel and on the brief; Michael
 D. Ridenour, on the brief).

1
 Incorrectly designated as "MORRISTOWN MEDICAL CENTER a/k/a
ATLANTIC HEALTH SYSTEM."
PER CURIAM

 Plaintiffs Robert and Stacie Picconi2 appeal from a May 3,

2016 order granting summary judgment in favor of defendants

Atlantic Health System, Inc., AHS Hospital Corp./Morristown

Medical Center (AHS), Salvatore Ruggiero, and Kathryn Sortino.

Plaintiff contends the motion judge erroneously dismissed his

claims against defendants. We disagree and affirm.

 Plaintiff's claims arose from an incident in AHS's employee

locker room. A fellow employee reported seeing a bag containing

a white powdery substance on the floor near a locker. Security

for AHS investigated and questioned plaintiff, as they mistakenly

believed the locker belonged to him.3 Plaintiff voluntarily

responded to security's questions, and never asked to terminate

the questioning or leave the locker room. At some point during

the brief questioning conducted by AHS's security, plaintiff left

the locker room to obtain the combination to his new locker in

order to prove that the substance was not near his locker.

2
 We hereafter refer to Robert Picconi as plaintiff in the
singular, as Stacie Picconi's claims are derivative of her
husband's claims.
3
 Upon further investigation, AHS confirmed that the substance was
a harmless vitamin supplement. AHS also concluded that the
substance was found near plaintiff's former locker, not his newly
assigned locker.

 2 A-4195-15T3
Security then opened plaintiff's locker and found nothing

suspicious. The matter was closed, and no allegations were levied

against plaintiff as a result of the incident.

 Shortly after the incident, plaintiff heard rumors within AHS

that he was accused of having drugs in the workplace. No one from

AHS management accused plaintiff of possessing drugs in the

workplace. Plaintiff, upset by rumors of his drug possession,

requested that AHS's Human Resources Department investigate the

rumors and refused to return to work until the matter was resolved.

Significantly, plaintiff never suggested what he wanted from AHS

in order to return to work. Several days later, plaintiff

requested assignment of a new supervisor as he claimed continuing

to work with his current supervisor was creating a hostile work

environment.

 Plaintiff returned to work at AHS one week after the locker

room incident. Upon his return to work, plaintiff claims he

continued to hear rumors regarding his alleged drug possession.

Plaintiff again told AHS's Human Resources Department that he

would not return to work until the matter was resolved to his

satisfaction. Plaintiff never articulated what he wanted AHS to

do in order to resolve the matter. AHS's Human Resources

Department telephoned plaintiff on March 3, 2014 to advise that

the investigation was complete. According to AHS's Human Resources

 3 A-4195-15T3
Department personnel, plaintiff was rude and combative during this

telephone conversation. Two days later, plaintiff sent an e-mail

to AHS's Human Resources Department advising he was still awaiting

a resolution of the situation and complaining that the telephone

call from its staff member was harassing.

 On March 7, 2014, plaintiff attended a meeting with

representatives from AHS's Human Resources and Security

Departments. AHS intended to have a productive meeting to address

concerns related to the locker room incident. However, plaintiff

repeatedly interrupted those who spoke during the meeting, and

became increasingly loud, agitated, and volatile according to

individuals who attended the meeting. Plaintiff left the meeting

abruptly rather than discussing the matter with AHS's

representatives. As a result of his disruptive and disrespectful

behavior during the March 7 meeting and during the March 3

telephone conversation, AHS terminated plaintiff's employment.4

 Plaintiffs filed suit alleging violations of the New Jersey

Law Against Discrimination, false imprisonment, slander, and

intentional infliction of emotional distress. After discovery was

completed, defendants filed a motion for summary judgment arguing

4
 Plaintiff was an at-will employee of AHS and could be terminated
at any time without cause or notice. Plaintiff acknowledged his
at-will employment status by signing AHS's employment application
and receiving AHS's employee handbook.

 4 A-4195-15T3
that plaintiffs were unable to prevail on any of their claims as

a matter of law. Plaintiffs, in opposition to the motion, argued

that material disputed facts precluded dismissal of their claims.

 Judge W. Hunt Dumont issued a comprehensive and thorough

written statement of reasons in support of his order granting

summary judgment and dismissing plaintiffs' complaint for failure

to cite any competent evidence in support of their asserted claims.

We affirm for the reasons set forth in Judge Dumont's statement

of reasons and add only the following comment.

 Our review of an order granting summary judgment is de novo,

and we apply the same standard employed by the trial court. Davis

v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014).

Accordingly, we determine whether the moving party has

demonstrated that there are no genuine disputes as to any material

facts and, if not, whether the moving party is entitled to judgment

as a matter of law. Id. at 405-06 (citing Brill v. Guardian Life

Ins. Co. of Am., 142 N.J. 520, 540 (1995)); R. 4:46.

 In opposition to defendants' summary judgment motion,

plaintiff submitted a certification in an effort to raise genuinely

disputed material facts. However, plaintiff's certification

directly contradicted his sworn testimony and was properly

rejected by the motion judge. See Hinton v. Meyers, 416 N.J.

Super. 141, 149-50 (App. Div. 2010) (affirming the trial court's

 5 A-4195-15T3
decision to disregard a plaintiff's certification that "differed

significantly from the testimony plaintiff provided at his

deposition[, and] . . . [p]laintiff offered no explanation for

the two different versions."). A "[p]laintiff cannot create an

issue of fact simply by raising arguments contradicting his own

prior statements and representations." Mosior v. Ins. Co. of N.

Am., 193 N.J. Super. 190, 195 (App. Div. 1984). When an offsetting

affidavit or certification is submitted in opposition to a motion

for summary judgment, a trial court may reject that document "as

a sham when it 'contradict[s] patently and sharply' earlier

deposition testimony, there is no reasonable explanation offered

for the contradiction, and at the time the deposition testimony

was elicited, there was no confusion or lack of clarity evident

from the record." Hinton, supra, 416 N.J. Super. at 150 (quoting

Shelcusky v. Garjulio, 172 N.J. 185, 201 (2002)). The motion

judge expressly found that plaintiff's "self-serving affidavit"

was "contradicted by his testimony" and failed to create a genuine

question of material fact precluding the entry of summary judgment.

 Because plaintiff failed to present competent evidence in

support of his claims, other than a "self-serving affidavit,"

which contradicted plaintiff's sworn deposition testimony, the

judge correctly granted defendants' motion for summary judgment.

 6 A-4195-15T3
We affirm for the reasons set forth in the judge's written

statement of reasons dated May 3, 2016.

 Affirmed.

 7 A-4195-15T3