**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4503-18

EVANGELOS VASSILAKIS,

    Plaintiff-Appellant,

v.

T.J. KYLE CONSTRUCTION,
LLC, KPB INVESTMENT, LLC,
STEPHEN PUGH, JENNIFER
BAKER, ANTHONY KYLE,
JESSICA KYLE, THOMAS
KELLY, AND BONITA L.
DUFFY,

    Defendants-Respondents.

_____

Argued April 22, 2020 – Decided April 30, 2021

Before Judges Fuentes, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0535-17.

Thomas T. Kim argued the cause for appellant (Koulikourdis & Associates, attorneys; Peter J. Koulikourdis and Joseph Takach, on the briefs).

Walter F. Kawalec, III, argued the cause for respondents T.J. Kyle Construction, LLC and Anthony Kyle (Marshall Dennehey Warner Coleman & Goggin, attorneys; Walter J. Klekotka and Walter F. Kawalec, on the brief).

Michael R. Fox argued the cause for respondents KPB Investment, LLC, Stephen Pugh and Jennifer Baker (n/k/a Pugh) (Clark & Fox, attorneys; Michael R. Fox and James L. McCarrick, on the brief).

Frederic Paul Gallin argued the cause for respondents Thomas Kelly and Bonita Duffy (Methfessel & Werbel, attorneys; Frederic Paul Gallin and Jason Daniel Dominguez, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Plaintiff Evangelos Vassilakis filed a civil action against defendants Thomas Kelly and Bonita Duffy, the owners of the property where plaintiff resided as a tenant, and defendants KPB Investment, LLC, Stephen Pugh, and Jennifer Baker, the owners of the property located next to plaintiff's apartment. Plaintiff alleged he injured himself when he fell on defendants' property. The Law Division granted defendants' motions for summary judgment and dismissed plaintiff's complaint based on his inability to describe what caused him to trip and fall.

A-4503-18

Plaintiff argues that the motion judge erred in dismissing the complaint as a matter of law because there are material issues of facts in dispute which can only be decided by a jury. We disagree. The judge found plaintiff's deposition testimony explaining how he fell does not provide a legal basis for holding defendants liable for his injuries. We also uphold the judge's decision to reject plaintiff's subsequent account of how the accident occurred, which he revealed for the first time in a certification submitted to the court as part of his opposition to defendants' motions for summary judgment.

We review the following facts in the light most favorable to plaintiff. R. 4:46-2(c). Plaintiff was fifty years old at the time of the accident. In response to interrogatories, plaintiff claimed that at approximately ten o'clock in the evening on November 29, 2015:

> "[He] was walking back to his home, which requires entrance through the rear area. The area where he walked can be described as a grassy alleyway in between his house and the one next door. At this time, extensive debris, including pieces of wood beams, a tire, and other pieces of scrap were lying on various parts of the ground within the grassy alleyways in between the two properties. Suddenly, plaintiff slipped and fell in the area of a depression in the ground and an old tire, with wood beams around it. He was caused to sustain serious injuries to his knees, neck and back. It was dark at the time of the accident.
>
> (Emphasis added).

In his deposition taken on September 19, 2018, plaintiff testified that he was walking fast because it was "raining and misting." Plaintiff provided the following account of what caused him to fall:

> Q. Did you encounter anything on that walk prior to the fall that caused you to trip, slip or fall?
>
> A. Something hit my foot to cause me to fall or to trip, sir.
>
> . . . .
>
> Q. So you don't know if you tripped on something?
>
> A. <u>I tripped on something because there was debris in front of me. I was walking fast, I slid with the glass, so something tripped me in front of my feet that twisted me going into that hole there</u>.
>
> . . . .
>
> Q. <u>Did you slip on something or did you trip on something</u>?
>
> A. <u>I don't know</u>.
>
> Q. You don't know?
>
> A. No.
>
> . . . .
>
> Q. So the hole, the ditch didn't make you fall; the wet grass made you slide and fall?

4

A. Probably.

(Emphasis added).

Because he did not have rain protection equipment at the time, plaintiff walked fast with his head down. The judge found that as residential landlords, defendants Kelly and Duffy "only had a duty to protect against foreseeable dangers arising from the use of the premises or upon notice of such dangers. It is undisputed that [d]efendants received no notice of [a] dangerous condition on the . . . property, thereby imposing a duty to act." The only "dangerous" condition plaintiff mentioned was "wet grass." The judge found that plaintiff's "best guess is that he must have slipped on the grass because it was raining." Plaintiff's decision to walk on wet grass does not impose liability on defendants.

Plaintiff submitted a certification dated February 19, 2019, in opposition to defendants' motion for summary judgment alleging that:

> 4. Immediately before the accident occurred, I remember walking in the area of this pathway between both properties. After I started to walk, I felt a piece of debris touch my foot. Then, my foot continued to slide on a tar like substance into the hole. I believe it's possible the fall would not have been as severe if not for all of the conditions that caused it.
>
> 5. Additionally, I am aware that I discussed the possibility of wet grass contributing to my fall in my deposition. I am not certain that wet grass was present but if it was, I think that it was not the sole cause of my

A-4503-18

slip and fall. The debris, tar like substance, and the hole itself located in the area where I fell all contributed to its sequence.

The motion judge assessed the probative value of this certification under the sham affidavit doctrine. The judge noted:

> Under the sham affidavit doctrine a [t]rial [c]ourt may disregard an offsetting affidavit that is submitted in opposition to a [m]otion for [s]ummary [j]udgment when the affidavit contradicts the affiant's prior deposition testimony. Shelcusky v. Gargiulo, 172 N.J. 185, 193-94 (2002). A [t]rial [c]ourt may reject an affidavit as a sham when it "contradicts patently and sharply" earlier deposition testimony, there is no reasonable explanation offered for the contradiction, and at the time the deposition testimony was elicited, there was no confusion or lack of clarity from the record. Hinton v. Meyers, 416 N.J. Super. 141, 150 (App. Div. 2010).

Against this standard of review, the motion judge rejected plaintiff's belated, self-serving account of how his accident occurred. The judge characterized plaintiff's position as "exactly the type of sham situation that is not permitted. Simply put, one cannot, in opposition to a [m]otion for [s]ummary [j]udgment, attempt to minimize adverse testimony by submitting a sham certification which tries to change the facts."

The judge granted defendants' motion for summary judgment on May 9, 2019. He noted that plaintiff filed the complaint on November 22, 2017. The

6

discovery-end-date was originally established on April 24, 2019, and the parties were required to complete discovery within 450 days. This timeframe included two extensions. By the time the judge heard argument on the motions for summary judgment, arbitration was scheduled for May 16, 2019; the trial date had not been scheduled. Based on the competent evidence presented by defendants, the judge concluded plaintiff failed to establish a cognizable claim of negligence.

The judge reached the same decision with respect to defendants KPB Investment, LLC, Stephen Pugh, and Jennifer Baker, the owners of the property located next to plaintiff's apartment.

This court uses the same standard to determine the viability of a motion for summary judgment as the trial court. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). However, because this matter involves only issues of law, our review is de novo. Vellucci v. Allstate Ins. Co., 431 N.J. Super. 39, 55 (App. Div. 2013). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

Our Supreme Court is the guardian of our State's common law. In that role, the Court has declared that a cognizable "negligence cause of action requires the establishment of four elements: (1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 594 (2013). We discern no legal basis to disturb the motion judge's well-reasoned opinion finding plaintiff failed to establish a cognizable negligence cause of action against defendants.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4503-18