**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2879-19

MARIA QUINONES,

    Plaintiff-Appellant,

v.

KOHL'S DEPARTMENT
STORES, INC.,

    Defendant-Respondent.

_____

> Argued August 17, 2021 – Decided September 2, 2021
>
> Before Judges Gilson and Gummer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-2396-18.
>
> William Pollack argued the cause for appellant (William Pollack, PC, attorney; Jeffrey Zajac, on the briefs).
>
> Richard C. Bryan argued the cause for respondent (Cipriani & Werner, PC, attorneys; Richard C. Bryan, on the brief).

PER CURIAM

Plaintiff commenced this action against defendant Kohl's Department Stores Inc. (Kohl's), alleging she had slipped and fallen on water on the floor of Kohl's Clifton store. She appeals from an order granting summary judgment to defendant and dismissing her claims with prejudice. Agreeing with the motion judge that no genuine issues of material fact exist as to defendant's lack of actual or constructive notice of the water that caused plaintiff's fall, we affirm.

## I.

In her deposition, plaintiff testified she had fallen as she was walking towards the checkout lane to get in line, with four to five people already ahead of her. Before the fall, she did not see the water that caused her to slip; she saw it after the fall. She described it as a two-foot-long strip of water, the "kind of thing where if somebody spilled water out of a bottle while they were walking, it would leave a swath of water on the ground." She did not know the source of the water. She did not see anyone spill it. She did not know how long it had been on the floor before her fall.

In interrogatories, plaintiff was asked:

> 19. If you claim that the defendant made any admissions as to the subject matter of this lawsuit, state: (a) the date made; (b) the name of the person by whom made; (c) the name and address of the person to whom made; (d) where made; (e) the name and address of each person present at the time the admission was made; (f)

2

the contents of the admission; and (g) if in writing, attach a copy.

20. If you or your representative and the defendant have had any oral communication concerning the subject matter of this lawsuit, state: (a) the date of the communication; (b) the name and address of each participant; (c) the name and address of each person present at the time of such communication; (d) where such communication took place; and (e) a summary of what was said by each party participating in the communication.

In response to both interrogatories, she answered, "[n]ot applicable." Plaintiff certified those answers as being "true, to the best of [her] knowledge."

After the close of discovery, defendant moved for summary judgment, contending plaintiff had no evidence defendant knew or should have known the water was on the floor. In opposition to defendant's summary-judgment motion, plaintiff submitted an affidavit containing new and different information from what she had provided in her discovery responses and deposition testimony. In her affidavit, she stated she already had been "in the checkout lane" when she fell, not that she had been "walking to go get in line," which is how she described her location when she fell during her deposition. In her affidavit, plaintiff stated the Kohl's assistant store manager who had assisted her after the fall and who had filled out the incident report had told her "he was sorry the accident occurred since he had told the cleaning people to clean up that area a while ago before the

3

accident happened, but they did not do it." During her deposition, plaintiff testified about her conversation with the assistant store manager. In her description of their conversation, she did not include any mention of that statement. In the affidavit she stated she had not mentioned it previously because she did not believe it was important.

In deciding the motion, Judge Vicki A. Citrino acknowledged the affidavit but rejected it pursuant to Shelcusky v. Garjulio, 172 N.J. 185 (2002), finding plaintiff had said nothing about the employee's purported statement in her deposition testimony or discovery responses and that she had not provided any plausible explanation for why she had not mentioned it previously. Noting the undisputed fact that defendant did not sell water, the motion judge concluded the mode-of-operation rule described in Prioleau v. Kentucky Fried Chicken, Inc., 223 N.J. 245, 258-60 (2015), did not apply to defendant.[1] The motion judge granted defendant's summary-judgment motion, holding the record contained insufficient evidence to raise a genuine issue of fact as to whether defendant had notice of the water spill and that no rational factfinder could conclude defendant had actual or constructive notice of the water that caused plaintiff's fall.

---

[1] On appeal, plaintiff did not renew the mode-of-operation argument she had made in opposition to defendant's summary-judgment motion.

On appeal,[2] plaintiff contends the motion judge erred in rejecting her affidavit and asserts genuine issues of material fact exist as to defendant's actual and constructive notice of the water on the floor. She also argues defendant was not entitled to summary judgment because it had spoliated evidence by not retaining video footage that might have shown whether defendant knew or should have known about the water.

## II.

We review a grant of summary judgment using the same standard that governs the trial court's decision. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018). Under that standard, summary judgment will be granted when "the competent evidential materials submitted by the parties," viewed in the light most favorable to the non-moving party, show there are no "genuine issues of material fact" and that "the moving party is entitled to summary judgment as a matter of law." Bhagat v. Bhagat, 217 N.J. 22, 38 (2014); see also Grande v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017); R. 4:46-2(c). "An issue of material fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion,

---

[2] In much of her argument, plaintiff relies on federal trial court cases and unpublished cases, which do not bind us. See R. 1:36-3.

together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'" Grande, 230 N.J. at 24 (quoting Bhagat, 217 N.J. at 38). We owe no special deference to the trial court's legal analysis. RSI Bank, 234 N.J. at 472.

## A.

New Jersey "[b]usiness owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation." Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563, (2003); Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 433 (1993). That duty of due care "requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." Nisivoccia, 175 N.J. at 563; see also Troupe v. Burlington Coat Factory Warehouse Corp., 443 N.J. Super. 596, 601 (App. Div. 2016). "Ordinarily an injured plaintiff . . . must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." Ibid.; see also Prioleau, 223 N.J. at 257. The absence of actual or constructive notice of a dangerous condition "is fatal to [a] plaintiff's claims of premises liability." Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013).

A business owner has constructive notice of a dangerous condition when the condition existed "for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent." Parmenter v. Jarvis Drug Stores, Inc., 48 N.J. Super. 507, 510 (App. Div. 1957); see also Troupe, 443 N.J. Super. at 602. Constructive notice can be inferred from the "characteristics of the dangerous condition giving rise to the slip and fall" and from "eyewitness testimony." See Troupe, 443 N.J. Super. at 602; see also, e.g., Grzanka v. Pfeifer, 301 N.J. Super. 563, 574 (App. Div. 1997) (finding constructive notice where eyewitness noted the light had been out for a while); Tua v. Modern Homes, Inc., 64 N.J. Super. 211, 220 (App. Div. 1960) (finding constructive notice where wax on the floor had hardened around the edges); and Parmenter, 48 N.J. Super. at 511 (finding "dirtiness" of water that caused the plaintiff's fall "tended to be corroborative of the length of time it lay on the floor"). The mere "[e]xistence of an alleged dangerous condition is not constructive notice of it." Sims v. City of Newark, 244 N.J. Super. 32, 42 (Law Div. 1990).[3]

_____

[3] In her reply brief, plaintiff argues for the first time that the burden of proof should be shifted to defendant on the issue of constructive notice due to the purported "frequency of the water spillage." It is inappropriate and unfair to raise new arguments on reply. See Borough of Berlin v. Remington & Vernick

Plaintiff argues her affidavit demonstrates a genuine issue of material fact regarding defendant's actual notice of the water on the floor. The motion judge correctly rejected the affidavit as a sham affidavit. In Shelcusky, the Court held a trial court may reject an affidavit as a sham when the affidavit "patently and sharply" contradicts earlier testimony, no "confusion or lack of clarity" existed at the time the earlier testimony was given, the affidavit does not simply clarify prior testimony, or when the contradiction is not "reasonably explained." 172 N.J. at 201-02; see also Hinton v. Meyers, 416 N.J. Super. 141, 150 (App. Div. 2010).

Plaintiff's affidavit, which was submitted after the close of discovery, is not a mere clarification of her prior testimony but is a direct contradiction of it. Her affidavit references an admission by defendant of actual notice of the water that caused her fall. Her deposition testimony and certified interrogatory answers are devoid of any such admission; in her certified interrogatory answers plaintiff directly denied the existence of any such admission or statement.

---

Eng'rs, 337 N.J. Super. 590, 596 (App. Div. 2001) (declining to decide issue raised improperly for the first time in appellate reply brief). Moreover, we find insufficient merit in that argument to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Nothing in the deposition transcript or responses to the clearly-worded form interrogatories indicate any confusion or lack of clarity. The explanation she gave in her affidavit for revealing the purported admission only in her post-discovery opposition to defendant's summary-judgment motion and not in either her deposition testimony or interrogatory responses – she did not believe defendant's admission of actual knowledge was important – is not reasonable given the critical importance of actual knowledge in slip-and-fall cases.

Plaintiff argues a genuine issue of fact exists as to defendant being on constructive notice because "the accident and dangerous condition occurred directly in the cash register area and could have been readily . . . discovered by [d]efendant's cashiers." That argument also is premised on a direct inconsistency between defendant's affidavit and prior deposition testimony. In her affidavit, plaintiff changed her location at the time of the fall from "walking to go get in line," with four to five people ahead of her to actually being "in the checkout lane," thereby placing her and the water that caused the fall much closer to the employees working at the registers. She gave no explanation for that discrepancy in her affidavit. Her deposition testimony does not support the argument that the accident "occurred directly in the cash register area" where it "could have been readily . . . discovered" by the cashiers. Judge Citrino properly

rejected plaintiff's affidavit as a sham and held no genuine issue of material fact existed regarding defendant's lack of constructive notice of the water. Moreover, well-settled law does not support a finding of constructive notice based on the purported proximity of the accident to the cash-register area.

Plaintiff argues for the first time on appeal that defendant's spoliation of video evidence prevented her from proving constructive notice. See Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (affirming our dismissal of a claim not raised before the trial court); N.J. Div. of Youth & Fam. Servs. v. M.C. III, 201 N.J. 328, 339 (2010) (finding that "issues not raised below will ordinarily not be considered on appeal").

Plaintiff's spoliation argument is procedurally improper and substantively without merit. "Spoliation of evidence in a prospective civil action occurs when evidence pertinent to the action is destroyed, thereby interfering with the action's proper administration and disposition." Aetna Life & Cas. Co. v. Imet Mason Contractors, 309 N.J. Super. 358, 364 (App. Div. 1998) (quoting Hirsch v. Gen. Motors Corp., 266 N.J. Super. 222, 234 (Law Div. 1993)); see also Cockerline v. Menendez, 411 N.J. Super. 596, 620 (App. Div. 2010). Asked about in-house cameras in plaintiff's supplemental interrogatories, defendant stated it was "not in possession, nor has it ever been in possession, of any video of [p]laintiff's

accident." In response to plaintiff's request for images in its possession "depicting the happening of the subject accident," defendant responded "[n]ot applicable." An assistant store manager testified the store had security cameras. When asked if the security cameras would "depict if somebody slipped and fell," she responded "[n]ot necessarily. They're in motion so . . . " That testimony does not establish spoliation; it does not establish that a video of plaintiff's accident or the events leading up to it ever existed and was destroyed by defendant.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2879-19