**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4625-19

ANGELINA GONZALEZ,

     Plaintiff-Appellant,

v.

EASTERN INTERNATIONAL
COLLEGE, BASHIR MOHSEN,
and DR. MUSTAFA MUSTAFA,

     Defendants-Respondents,

and

ANDREW SCOTT ZINER,

     Defendant.

_____

          Argued May 2, 2022 – Decided August 12, 2022

          Before Judges Messano, Enright and Marczyk.

          On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2287-18.

          S. Yelena Perchuk argued the cause for appellant.

Peter W. Homer (Homer Bonner Jacobs, PA) of the Florida bar, admitted pro hac vice, argued the cause for respondents (McCarter & English, LLP and Peter W. Homer, attorneys; Daniel P. D'Alessandro and Peter W. Homer, of counsel and on the brief; Rayda Aleman (Homer Bonner Jacobs, PA) of the Florida bar, admitted pro hac vice, on the brief).

PER CURIAM

In 2007, plaintiff Angelina Gonzalez enrolled in Eastern International College (EIC), a for-profit technical school formerly known as Micro Tech Training Center, and in 2011, she successfully completed EIC's Diagnostic Medical Ultrasound Technology (DMUT) program and received her diploma. At all relevant times, defendant Dr. Bashir Mohsen was the CEO of EIC, and defendant Dr. Mustafa Mustafa was the school's Vice President for Academic Affairs.

The DMUT program was designed to prepare students for entry-level positions as sonographers in healthcare offices, clinics, and facilities. Upon successful completion of the didactic portion (classroom instruction) of the program, students participated in an externship. Plaintiff participated and completed the externship portion of the course between February and May 2011.

In New Jersey, there is no licensure requirement for sonographers. Instead, the American Registry of Diagnostic Medical Sonographers (ARDMS)

2

offers a voluntary credential to sonographers who meet certain criteria. ARDMS certification requires applicants to pass two separate exams: 1) the Sonography Principles and Instrumentation (SPI) exam; and 2) a Specialty exam, which focuses on particular areas of sonography, e.g., abdominal, vascular, or OB/GYN. EIC students were eligible to sit for the SPI portion of the ARDMS as soon as they successfully completed Physics I and Physics II at the school, i.e., before doing their externship and receiving their diplomas.

Only after graduating from EIC's DMUT program and obtaining one year of work experience in sonography would students be eligible to take the Specialty portion of the ARDMS exam. However, like all but four other states, New Jersey does not require ARDMS certification to practice as a sonographer. Nonetheless, while the ARDMS certification demonstrates competence in sonography and may be used to enhance marketability of its recipients, plaintiff's contention was that employment in New Jersey without the certification was essentially impossible, and EIC was not sufficiently accredited to allow her to receive the certification without one year of practical employment experience. See Suarez v. E. Int'l Coll., 428 N.J. Super. 10, 18, 36–37 (App. Div. 2012) (reversing the grant of summary judgment on a claim

brought under the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -224, based on similar assertions made by the plaintiff in that case).[1]

Despite her continued contact with EIC's placement advisor after graduation, plaintiff's initial attempts to secure interviews for an entry level position in sonography were fruitless until May 2013.  With the help of her cousin, Carlos Fernandez, she secured an interview at Meadowlands Hospital but was not hired.  Plaintiff claimed during that interview she learned for the first time it was unlikely she would ever secure a position as a sonographer because she lacked ARDMS certification.

Plaintiff filed a complaint against defendants on June 12, 2018, alleging in general terms, breach of contract, deceptive business practices and fraud, and violation of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -224.  The court denied defendants' motion to dismiss the complaint and compel binding arbitration and granted plaintiff an opportunity to amend her complaint. Plaintiff's amended complaint filed January 20, 2019, specifically alleged

---

[1]  Plaintiff's continued reliance on our decision in Suarez for support is misplaced.  Suarez did not deal with the issue presented here, i.e., whether plaintiff complied with the applicable statute of limitations.  Moreover, all we decided in Suarez was that on the record presented in that case, summary judgment on the plaintiff's CFA claim was improvidently granted.  We did not decide the merits of the plaintiff's allegations.

violations of the CFA, common law fraud, breach of contract and deceptive trade practices. She alleged defendants made certain representations that EIC's program would prepare her and make her eligible to work as an entry level sonographer, and further, defendants never told her an ARDMS certification was a requirement. Plaintiff claimed when she applied to sit for the ARDMS certification after her 2013 job interview, she was told EIC's DMUT program was not "certified," and she was ineligible. Defendants answered and discovery ensued.

In January 2020, defendants moved for summary judgment, denying the substance of plaintiff's complaint and also asserting the complaint was untimely under the six-year statute of limitations applicable to fraud and CFA claims. See N.J.S.A. 2A:14-1.[2] Plaintiff filed opposition and asserted, among other things, that her complaint did not accrue until May 2013, when she realized the lack of ARMDS certification was fatal to her job search. Focusing on whether plaintiff's first-filed 2018 complaint was timely, the judge ordered a plenary hearing "to find out if [plaintiff] was acting as a reasonable person" by not filing her complaint until June 2018.

---

[2] The same statute of limitations applies to breach of contract claims.

The court conducted the hearing in a virtual format during the height of the COVID-19 pandemic, from June 26 to June 30, 2020.  Plaintiff testified that she graduated in May 2011 from EIC, and she disputed defendants' claims that the school posted bulletins and posters advising students of the ARDMS certification, or that anyone at the school told students the certification was necessary to secure employment.  Plaintiff described the efforts she made upon graduation to secure an entry level job as a sonographer:

> I was handing out my resume at doctors' offices, at clinics.  I was walking to . . . small home clinics in my town and no one called me back or anything.
>
> . . . .
>
> I was handing out my resume to everyone.  I was speaking to family doctors . . . , and I was looking for every way to get a job.  I was speaking to the doctors of the pharmacy that I was working at and giving them my resume.

Plaintiff began volunteering as a sonographer on a per diem basis and contacted representatives at EIC "three to five times" seeking their assistance.  Plaintiff asserted that after the May 2013 interview, she enrolled in Hudson County Community College (HCCC).

On cross-examination, defendants produced government records indicating plaintiff enrolled at HCCC in January 2012, and was a "half-time"

student there as of February 2012. Plaintiff continued to assert that she did not attend the school until 2013.

Fernandez also testified at the plenary hearing, as did plaintiff's expert, Dr. Marc Glickstein. Beverly Nemati,[3] EIC's retired director of career services, testified for defendants, as did Ilene Brodsaiy, EIC's financial director. The judge ordered additional briefing at the conclusion of the hearing.

In an oral decision placed on the record July 17, 2020, the judge concluded the statute of limitations period did not commence until, at the earliest, May 2011, when plaintiff graduated from EIC. In this regard, he did not consider much of defendants' evidence in support of summary judgment that asserted while plaintiff attended EIC: she and other DMUT students were routinely reminded about the eligibility requirements for ARDMS certification; and plaintiff was specifically told EIC would assist in job placement but did not promise or guarantee employment after graduation. As the nonmoving party, the judge said plaintiff was entitled to have all evidence viewed "in the light most favorable" to her.

The judge then considered possible tolling of the statute of limitations by application of the discovery rule. He first determined plaintiff failed to prove

---

[3] At other points in the record, the witness's surname is transcribed as Memaci.

any "specific material misrepresentations from an EIC representative after . . . her graduation that would allow th[e] [c]ourt to toll the statute of limitations." Regarding Dr. Glickstein's testimony, the judge "put[] aside the issue of whether [his] testimony constitute[d] a net opinion," and concluded "it still failed to establish any objective credible material evidence to aid . . . [p]laintiff in evading summary judgment." The judge cited Dr. Glickstein's testimony that it was "common sense . . . an uncertified sonographer could not obtain employment and . . . an applicant would determine pretty quickly . . . almost immediately . . . that ARDMS certification was required to obtain entry-level employment." The judge noted Dr. Glickstein testified "it would be difficult for an applicant . . . to know why [their] application was deficient without some sort of feedback," but the judge determined "[a]ssuming . . . plaintiff submitted as many applications as she testified to, . . . why did she not follow-up with at least one of them?"

The judge concluded that in the absence of any evidence EIC misled plaintiff after her 2011 graduation, he was "left with a two-year period in which we are asked to toll the statute of limitations without a reason." He determined plaintiff's claims were barred by the statute of limitations and granted EIC's summary judgment.

8

Before us, plaintiff contends the judge erred in dismissing her complaint based on the statute of limitations and in discounting Glickstein's opinion as a "net opinion."[4] We disagree and affirm.

"Determining whether a cause of action is barred by a statute of limitations is a question of law that we review de novo." Save Camden Pub. Schs. v. Camden City Bd. of Educ., 454 N.J. Super. 478, 487 (App. Div. 2018) (citing Catena v. Raytheon Co., 447 N.J. Super. 43, 52 (App. Div. 2016)). The issue presented in this case turned on proper application of the discovery rule. "The application of the discovery rule is for the court, not a jury, to decide." Catena, 447 N.J. Super. at 52 (citing Lopez v. Swyer, 62 N.J. 267, 274–75 (1973)). "Under the rule, a claim does not accrue until the plaintiff 'discovers, or by an

---

[4] In her reply brief, plaintiff raises additional arguments, some never made in the Law Division, including that the judge, a "privileged white male[,] . . . compared himself to an underprivileged Hispanic woman," "made a ruling" based on defense counsel's father being a judge in the same vicinage, and "was distracted" during the virtual hearings. It is axiomatic that we do not consider arguments raised for the first time in a reply brief and deem them to have been waived. See, e.g., Bacon v. N.J. State Dep't of Educ., 443 N.J. Super. 24, 38 (App. Div. 2015) (citing L.J. Zucca, Inc. v. Allen Bros. Wholesale Distribs., Inc., 434 N.J. Super. 60, 87 (App. Div. 2014)). Most assuredly, we will not consider these arguments.

Moreover, plaintiff makes no argument regarding dismissal of her breach of contract cause of action. An issue not briefed is deemed waived on appeal. Pullen v. Galloway, 461 N.J. Super. 587, 595 n.1 (App. Div. 2019).

exercise of reasonable diligence and intelligence should have discovered[,] that [s]he may have a basis for an actionable claim.'" Id. at 52–53 (emphasis added) (quoting Lopez, 62 N.J. at 272). "The party seeking the rule's benefit bears the burden to establish it applies." Id. at 53 (citing Lopez, 62 N.J. at 276).

The judge seemingly mistook these guidelines to some extent. At points, he eschewed the opportunity to make specific credibility determinations regarding plaintiff's testimony. However, "[t]o determine whether the discovery rule applies, a plenary hearing is necessary 'since credibility is usually at issue.'" Maldonado v. Leeds, 374 N.J. Super. 523, 531 (App. Div. 2005) (quoting J.L. v. J.F., 317 N.J. Super. 418, 429 (App. Div. 1999)); Lopez, 62 N.J. at 275. Nevertheless, the judge made some factual findings based on the evidence adduced at the plenary hearing, and, as to those, we defer under our standard of review. See, e.g., Nelson v. Elizabeth Bd. of Educ., 466 N.J. Super. 325, 336 (App. Div. 2021) ("[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence so as to offend the interests of justice[.]" (alteration in original) (quoting D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013))).

As already noted, the statute of limitations for each of plaintiff's claims is six years.[5]  That means plaintiff was required to file her complaint within six years of when it accrued, i.e., when she knew "or by an exercise of reasonable diligence and intelligence should have discovered that [s]he may have a basis for an actionable claim."  Catena, 447 N.J. Super. at 52–53 (quoting Lopez, 62 N.J. at 272).  In fraud and CFA claims, "[t]he date of discovery . . . is when the fraud was or reasonably should have been discovered."  Id. at 55.

Plaintiff claimed her causes of action did not accrue until her May 2013 interview, when she first learned the lack of an ARDMS certification would thwart her ability to obtain employment.  Her June 2018 filing was, therefore, within the statute of limitations.

However, plaintiff testified that she submitted numerous applications immediately after receiving her diploma and left her resume at the offices of many medical providers, without any success.  No one ever called her back for an interview.  Although he did not fix a specific accrual date, the judge

_____

[5]  Plaintiff's amended complaint pled a cause of action for "deceptive trade practices," which is within the rubric of the CFA.  See N.J.S.A. 56:8-2 (defining an unlawful practice as the "act, use or employment . . . of . . . deception . . . in connection with" the advertisement or sale of merchandise).  The CFA defines "merchandise" to include "services or anything offered . . . to the public for sale."  N.J.S.A. 56:8-1(c).

concluded a person exercising reasonable diligence would have realized the purported importance of the ARDMS certification within three to six months after graduation, but "certainly within six months of sending out . . . resumes." Whether you use May 2011, when plaintiff completed both parts of EIC's DMUT course, or July 2011, when plaintiff testified she received her diploma, and applying the judge's calculus, plaintiff's causes of action would have accrued in either November 2011 or January 2012.[6] In either case, plaintiff's June 2018 filing was time barred.

Contrary to plaintiff's suggestion that the judge erred in rejecting Dr. Glickstein's opinion as a net opinion, the judge relied upon Dr. Glickstein's testimony to support his conclusion that a reasonable person would have realized the importance of the ARDMS certification very quickly after all the initial rejections. The judge noted plaintiff made no inquiries from those to whom she applied why she was rejected. In short, the judge's conclusion that through the exercise of reasonable diligence, plaintiff would have discovered what she alleged was defendants' fraudulent conduct is supported by the record evidence. Plaintiff's complaint was therefore untimely.

---

[6] Interestingly, Brodsaiy's review of the financial records indicated plaintiff matriculated at HCCC in January 2012.

To the extent we have not addressed them, plaintiff's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION